Submitted on January 2, vacated and remanded with instructions for trial court to determine whether defendant should be permitted to enter into diversion and, if entry into diversion is denied, to reinstate defendant's conviction May 7, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SHERYL ELAINE WARRINGTON,
*Defendant-Appellant.*

Douglas County Circuit Court
04CR1826MI; A129011

184 P3d 1160

Steven Griffin filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals her conviction for driving under the influence of intoxicants, ORS 813.010, arguing that the trial court erred in denying her the opportunity to enter into a diversion program. Defendant also argues that the trial court erred in admitting into evidence certifications from the Oregon State Police concerning their testing of the Intoxilyzer 5000 that was used for defendant's breath test. The state concedes that the trial court erred in concluding that defendant was ineligible for diversion as a matter of law. As explained below, we agree and accept that concession, which necessitates a remand under these circumstances.

Under ORS 813.220(8), a court is required to deny a defendant's petition to enter into a diversion agreement if the defendant previously had "participated in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program[.]" *See also* ORS 813.215(1)(d), (e). In this case, defendant had previously (approximately eight years earlier) sought alcohol rehabilitation treatment voluntarily and on her own initiative. The trial court determined that those circumstances rendered defendant ineligible for diversion in this case.

On appeal, both parties agree that the trial court erred in that regard. In particular, the parties acknowledge that our case law establishes that a "similar alcohol or drug rehabilitation program" is one in which a defendant participates "to avoid a substantial, judicially imposed adverse consequence[.]" *State v. Wright*, 204 Or App 724, 731, 131 P3d 838 (2006) (citing cases). The parties further agree, as do we, that defendant's previous unilateral participation in an alcohol rehabilitation program does not satisfy that standard of disqualifying "similarity." Accordingly, the trial court erred in concluding that, under ORS 813.220(8), defendant was disqualified from participating in diversion.

However, because the trial court has discretion about whether to permit a defendant to enter diversion in light of various considerations, *see* ORS 813.220(1) to (5), we do not order the court to accept defendant's petition to enter

diversion. Rather, the trial court on remand should reconsider the matter under ORS 813.220(1) to (5). *See, e.g.,* *Wright,* 204 Or App at 726 ("Once a defendant establishes eligibility, whether contested or not, the decision to allow diversion in a particular case is a matter of discretion left to the trial court."). If the court concludes that defendant would not be a good candidate for diversion and denies the petition, it may then reinstate her conviction.

In most circumstances, a remand that returns a case to a pretrial posture would obviate the need to consider an evidentiary assignment of error such as defendant's challenge to the admissibility of the Intoxilyzer 5000 certificates. Here, however, because of the possibility that the court could reinstate defendant's conviction as explained above, we consider and reject defendant's remaining assignment of error. It is controlled by our decision in *State v. Norman,* 203 Or App 1, 125 P3d 15 (2005), *rev den,* 340 Or 308 (2006). We decline defendant's invitation to overrule *Norman.*

Vacated and remanded with instructions for trial court to determine whether defendant should be permitted to enter into diversion and, if entry into diversion is denied, to reinstate defendant's conviction.