Submitted December 5, 2008, vacated and remanded with instructions for trial court to determine whether defendant should be permitted to enter into diversion and, if entry into diversion is denied, to reinstate defendant's conviction February 11, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STEVEN KARL SCHATZ,
*Defendant-Appellant.*

### Multnomah County Circuit Court
061154625; A135757

202 P3d 912

Peter Gartlan, Chief Defender, and Margaret McWilliams, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Justice J. Rillera, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010, arguing that the trial court erred in denying him the opportunity to enter into a diversion program. The state concedes the error. As explained below, we accept the state's concession as well founded. We therefore remand for further proceedings.

Defendant was charged in the present proceeding with DUII, alleged to have occurred in 2006. Defendant petitioned to enter diversion pursuant to ORS 813.210. The state opposed the motion, arguing that defendant was ineligible to enter into diversion because he previously had participated in a "similar alcohol or drug rehabilitation program," ORS 813.220(8), noting that defendant previously had been convicted of possession of a controlled substance, *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005), for which he received a presumptive sentence. The trial court denied defendant's petition to enter diversion. Defendant was then convicted of DUII after a trial to the court.

On appeal, defendant notes that our case law establishes that a "similar alcohol or drug rehabilitation program" is one in which a defendant participates "to avoid a substantial, judicially imposed adverse consequence * * *." *State v. Wright*, 204 Or App 724, 731, 131 P3d 838 (2006) (citing cases). The parties further agree, as do we, that defendant's previous conviction, in and of itself, does not establish that defendant participated in an alcohol or drug rehabilitation program, much less that he participated in a program that was sufficiently "similar" to diversion to trigger the prohibition set forth in ORS 813.220.

Thus, both parties agree that this case needs to be remanded. We agree. Because the trial court has discretion to determine, under other provisions of ORS 813.220, whether defendant should be permitted to enter into a diversion program, we vacate defendant's judgment of conviction and remand for the court to consider whether, under ORS 813.220(1) to (5), defendant should be admitted to a diversion program. If the court concludes that defendant would not be an appropriate candidate for diversion and denies the

petition, it may reinstate his conviction. *See, e.g.*, *State v. Warrington*, 219 Or App 566, 184 P3d 1160 (2008) (directing same disposition).

Vacated and remanded with instructions for trial court to determine whether defendant should be permitted to enter into diversion and, if entry into diversion is denied, to reinstate defendant's conviction.