Submitted January 28, vacated and remanded with instructions for trial court to determine whether defendant should be permitted to enter into diversion and, if entry into diversion is denied, to reinstate defendant's conviction April 21, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## COREY LYNN PARKER,
*Defendant-Appellant.*

Tillamook County Circuit Court
087107; A140048

230 P3d 55

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant, who was convicted of driving while under the influence of intoxicants (DUII), ORS 813.010, appeals, challenging the trial court's determination that he was ineligible for diversion because he had "participate[d]" in a diversion or rehabilitation program within the previous 10 years. ORS 813.215(1)(e) (2007).[1] Defendant asserts, particularly, that, given uncontroverted evidence in the record that he had never submitted to any evaluation, attended any training or classes, or otherwise communicated or interacted with service providers for such programs, the trial court erred in finding preclusive prior "participation." We agree and, consequently, vacate defendant's conviction and remand.

The circumstances material to our review are undisputed. In August 2008, defendant was charged with one count of DUII and one count of driving while suspended, ORS 811.175. Defendant petitioned to enter diversion, and the state opposed that application, asserting that defendant was ineligible because of participation in another alcohol or drug rehabilitation program.

At the ensuing diversion hearing, the sole witness, called by the state, was Fertick, defendant's probation officer on a conviction for possession of methamphetamine. Fertick, who was employed by the Tillamook County Sheriff's Office, testified that, in June 2006, he had "referred" defendant to Tillamook Family Counseling for an alcohol and drug evaluation and for appropriate follow-up treatment. Before that referral, defendant had "agreed to participate" in that program. However, although evaluation appointments had been "set up," defendant never "show[ed] up" for any of those appointments. In September 2006, Tillamook Family Counseling informed Fertick that defendant had missed all of his scheduled appointments, and, when Fertick asked

---

[1] ORS 813.215(1)(e) was amended in 2009. Those amendments do not apply to this case. *See* Or Laws 2009, ch 515, § 3(1) (providing that the 2009 amendments to ORS 813.215 apply to diversion agreements entered into on or after January 1, 2010). For that reason, we apply the 2007 version of ORS 813.215, and all references to that statute in this opinion are to the 2007 version.

defendant about his nonappearances, defendant responded, essentially, that he had "shined it on" and "ignored it."

Based on Fertick's testimony, the state argued at the 2008 diversion hearing that defendant's conduct with respect to Tillamook Family Counseling constituted "participat[ion]" within the meaning of ORS 813.215(1)(e):

> "I would submit that since the defendant agreed to go, he was referred to the program, he had appointments scheduled, and then by his own choice decided not to go to those programs, does not necessarily mean he didn't participate.
>
> "\* \* \* \* \*
>
> "So for that reason, Your Honor, we would submit that he has participated by agreeing to go, by being referred, by having appointments scheduled. He just failed to complete the program. And the statute doesn't say complete a similar treatment program, it just says participate."

Defendant responded:

> "[T]he uncontroverted evidence is that he did nothing, he didn't participate in any program. The language of the statute means what it says, it's very plain language.
>
> "The legislature could have chosen to say was ordered to complete, was—had agreed to complete, could have chosen to say any of the things that counsel here is trying to shove into the statute.
>
> "The bottom line is he didn't participate in any form of treatment, even to the beginning of getting himself in the door to do an evaluation."

The court ultimately agreed with the state that defendant had engaged in preclusive prior "participation":

> "[Defendant] met with the probation officer and was referred to the program by the probation officer, agreed to go to the program and had an appointment set up, actually three appointments set up which he then chose to ignore.
>
> "So the question is whether being referred, agreeing to go, and then having actual appointments set up that he then voluntarily chose not to attend is equal to participate. And I agree with the State. I think it is.

"If he hadn't been referred, he didn't have an actual appointment set up, if he'd simply absconded up front, I think we'd be in a different situation. And I'll deny the diversion."[2]

Defendant then entered into a conditional plea of guilty to the DUII charge (the charge of driving while suspended was dismissed), specifically reserving the ability to appeal the trial court's denial of diversion.

On appeal, defendant renews his fundamental contention that there is no evidence that he had engaged in any conduct constituting "participation" within the meaning of ORS 813.215(1)(e). The state also reprises its arguments before the trial court and further contends that, even if defendant established eligibility for diversion, we should affirm the trial court on the alternative basis that the trial court, at least implicitly, exercised its discretion under ORS 813.220 to deny diversion.

■■ We turn first to the threshold question of eligibility for diversion and, specifically, whether the trial court erred in determining that defendant failed to satisfy the requirements of ORS 813.215(1). As pertinent here, that statute provides:

"A defendant is eligible for diversion if the defendant meets all of the following conditions:

"* * * * *

"(d) The defendant was not participating in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program, other than a program entered into as a result of the charge for the present offense, in this state or in another jurisdiction on the date the defendant filed the petition for a driving

---

[2] Defendant requested a clarification of the court's ruling, asserting that there was no evidence that defendant himself had scheduled any appointments. The trial court responded:

"I don't think it matters. I'm not finding he set up the appointments. I'm finding—because that's not the evidence. The evidence was that a referral was made, appointments were set, he agreed to go, to comply with the terms, and then chose not to[, and that] is equal to participating * * * regardless of whether he actually made the appointment or it was made [for] him by probation."

while under the influence of intoxicants diversion agreement.

"(e)  The defendant did not participate in a diversion or rehabilitation program described in paragraph (d) of this subsection, other than a program entered into as a result of the charge for the present offense, within the period beginning 10 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement."

Our task, as the parties acknowledge, reduces to ascertaining the meaning of "participate in" in ORS 813.215(1)(e).[3] That inquiry, in turn, is framed by the methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993), as elucidated and emended in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We begin by examining the statutory text in context. Then, even if we do not perceive an ambiguity in the statute's text, we will consider proffered legislative history when that history appears to be useful to our analysis. *Gaines*, 346 Or at 172.

"Participate," in common usage, means "to take part in something (as an enterprise or activity) usu. in common with others." *Webster's Third New Int'l Dictionary* 1646 (unabridged ed 2002). Likewise, the word "participation" is defined as

"the action or state of participating: as **a** : the action or state of partaking of something * * * **c** (1) : the action or state of taking part with others in an activity * * * (2) : social interaction in a group * * * esp. as carried on through attendance at and contributions to group activities * * *."

*Id.*

The substance of those definitions is that one "participates" when one shares or takes part in an experience, activity, or enterprise, generally with others. *See also State ex*

---

[3] Defendant does not dispute that the Tillamook Family Counseling program was a "similar alcohol or drug rehabilitation program" for purposes of ORS 813.215(1)(d) and (e). *See, e.g., State v. Wright*, 204 Or App 724, 131 P3d 838 (2006) (addressing content of that term); *State v. Dunbrasky*, 122 Or App 90, 856 P2d 1054 (1993) (same).

*rel Juv. Dept. v. Saechao*, 167 Or App 227, 231, 2 P3d 935, *rev den*, 331 Or 283 (2000) (noting that "participate" is "broadly defined" as "to take part").

Statutory context does not contradict that understanding of "participate in" as connoting at least some degree of interactive involvement. We note, for example, that ORS 813.215(1)(e) itself uses the term "entered into" as an apparently distinct concept, akin to "enrollment." That is, one may "enter into" a program, but that, by itself, does not constitute preclusive "participation." The contextual upshot is that, if the legislature had intended the introductory phrase of ORS 813.215(1)(e) to read, "The defendant did not enter into a diversion or rehabilitation program," it could easily, and obviously, have done so given its use of the same term within the same subsection—but it did not do so. Again, "participate in" apparently connotes, and requires, something more.

Finally, legislative history is sparse. Nevertheless, one pertinent comment is consistent with an understanding that "participate in" connotes interactive involvement. The "participate in" language was first codified in 1981, *see* Or Laws 1981, ch 803, § 18. During a colloquy before the Senate Committee on Justice regarding an amendment to the original bill, a representative of the Oregon District Attorneys Association offered the following explanation:

> " 'What we are trying to do is specifically indicate that if the defendant has had a prior diversion, in this state or any other state, *or has undergone this type of similar alcohol or drug rehabilitation program* * * * it would bar them from diversion.' "

*State v. Young*, 196 Or App 708, 714, 103 P3d 1180 (2004), *rev den*, 338 Or 583 (2005) (quoting Tape Recording, Senate Committee on Justice, HB 2010, July 9, 1981, Tape 277, Side B (statement of Jerry Cooper)) (emphasis added).

■ In light of our review of the statutory text and context and the legislative history, albeit minimal, we conclude that "participate in" as used in ORS 813.215(1)(e) requires interactive involvement with a diversion or rehabilitation program. We need not, and do not, undertake to describe here the precise contours of "how much is enough." That is so

because the record here is uncontroverted that defendant had *no* interactive involvement with the Tillamook Family Counseling program. There is no evidence that defendant ever even spoke with anyone at that program, much less engaged in any evaluations or consultations, attended classes or training, or otherwise availed himself of the program's services.

To be sure, as the trial court emphasized, defendant agreed to cooperate and participate in the program and then, knowing that appointments had been set up for him, "voluntarily chose not to attend." But, with respect, agreeing to participate is not "participation"; nor is "voluntarily cho[osing] not to attend." Rather, agreeing to participate necessarily precedes participation, and choosing not to attend is the antithesis of "participation."

We also appreciate, as the state puts it, that "[d]efendant had his bite at the treatment apple and chose not to take it." Nevertheless, that concern, to the extent valid, is properly directed to the legislature to address by way of amendment—or to the trial court to assess in exercising its discretion under ORS 813.220.

We proceed to the state's alternative basis for affirmance, which pertains to ORS 813.220. That statute provides, in part, that, even if a defendant has established eligibility for diversion under ORS 813.215, the court must then determine whether to allow diversion by reference to a variety of considerations, including "whether the diversion will be of benefit to the defendant and the community," ORS 813.220(1), and "whether there is a probability that the defendant will cooperate with the diagnostic assessment and treatment agencies," ORS 813.220(3). The state contends that the trial court at least implicitly addressed those considerations in denying diversion here and, thus, regardless of whether the court erred in its determination of defendant's (in)eligibility under ORS 813.215, its denial of diversion was fully justified under ORS 813.220.

The premise of the state's position is that the trial court did, in fact, exercise its discretion under ORS 813.220

as an independent and alternative basis for denying defendant's petition. However, the record contradicts that premise. Neither the parties nor the trial court referred to ORS 813.220; rather, they focused solely on ORS 813.215 and, specifically, on defendant's purported prior "participat[ion]" in a treatment or rehabilitation program.

Because the trial court never reached, and applied, ORS 813.220, we remand for it to do so. If the court concludes that defendant would not be a good candidate for diversion and denies the petition, it may then reinstate his conviction. *State v. Warrington*, 219 Or App 566, 569, 184 P3d 1160 (2008).

Vacated and remanded with instructions for trial court to determine whether defendant should be permitted to enter into diversion and, if entry into diversion is denied, to reinstate defendant's conviction.