Argued and submitted December 20, 2010, award of restitution in amended judgment reversed; otherwise affirmed April 20, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JASON ROBERT MURRELL,
*Defendant-Appellant.*

Josephine County Circuit Court
080917M; A142010

255 P3d 574

Jedediah Peterson, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were

John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals an amended judgment ordering restitution. ORS 137.106 directs that restitution be determined within 90 days after entry of the original judgment unless there is "good cause" to extend the time. In this case, restitution was determined more than 150 days after entry of the original judgment. The parties dispute whether there was good cause to extend the time to determine restitution. Because we conclude that there was not good cause, we vacate the amended judgment.

The relevant facts are undisputed. Defendant crashed his car into the victim's fence and tree; he also threw bottles into the victim's pasture. Defendant pleaded guilty to and was convicted of driving under the influence of intoxicants. ORS 813.010(4). At the sentencing hearing, the victim sought restitution in the amount of $2,625 for the damage to his fence and tree. He also expressed concern that, although three months had passed since the incident, one of the sheep or goats in his pasture still might ingest glass from one of the bottles and die. For defendant's part, his attorney noted that she had been made aware of the restitution request only that morning; given the lack of prior notice and the amount of restitution sought, she asked that restitution be left open or that the court immediately set a restitution hearing. Citing both the victim's and defendant's "pending restitution issues," the trial court decided to "keep restitution open for 90 days." The judgment entered on October 20, 2008, noted that "[r]estitution will be ordered when the amount is determined."

Almost immediately after the sentencing hearing, the deputy district attorney who had been handling the case left the office. At some time after the sentencing hearing, staff in the district attorney's office placed a tag with the date "January 20, 2009," on the file. Aside from that, no action was taken on the case until January 20, 2009, when a staff member of the district attorney's office happened to notice the file on a coworker's desk. The state filed a motion for a supplemental judgment of restitution that day, seeking restitution in the same amount that it had sought at the sentencing hearing and noting that defendant opposed the motion. The

trial court initially set a restitution hearing for February 25, 2009, but the hearing was continued to March 25, 2009.

At the restitution hearing, the state conceded that the case had "fall[en] through the cracks" and that the timing of the motion did not allow the court to determine restitution within the 90-day window. The state argued that there was good cause to extend the time for determining restitution, pointing to several factors: (1) the motion had been filed within the 90-day window; (2) the assistant district attorney who had been handling the file had left the office after sentencing; and, (3) because of its congested docket, the court "most likely" would not be able to enter a timely supplemental judgment any time restitution was contested. Defendant argued that ORS 137.106(1)(b) requires the court to determine restitution within 90 days of entry of judgment, and that the question whether the motion was filed within that time was irrelevant. Defendant also argued that the state was aware of the level of the court's docket congestion and that it was incumbent on the state to file its motion early enough to allow the court to determine restitution in a timely manner. Defendant further argued that this case was like *State v. Biscotti*, 219 Or App 296, 182 P3d 269 (2008), in which we held that prosecutorial inadvertence or mistake was not good cause under ORS 137.106(1)(b).

The trial court observed that "I don't see any real good cause for the delay in filing the motion to January 20th." However, the court concluded that, because defendant had asked for a restitution hearing, there was good cause to have restitution determined beyond the 90-day deadline. Further, the court noted that docket congestion made it impractical to set a case for a restitution hearing and determine restitution within 90 days and, thus, that fact also was good cause to act beyond the 90-day period. After hearing argument on the amount of restitution, the trial court ordered $2,025 in restitution; an amended judgment including that amount of restitution was entered on April 3, 2009.

ORS 137.106 provides, in part:

"(1) When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and

present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"* * * * *

"(b)   A requirement that the defendant pay the victim restitution, and that *the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment.* In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. *The court may extend the time within which the determination and supplemental judgment may be completed for good cause.*"

(Emphasis added.)

In this case, the trial court determined the amount of restitution and entered an amended judgment imposing that obligation more than 150 days after entry of the original judgment. The parties' sole dispute is whether there was good cause for extending the time for determining and ordering of restitution beyond the 90-day limit in ORS 137.106(1)(b).

■   As we concluded in *Biscotti*, 219 Or App at 299, the meaning of "good cause" in ORS 137.106(1)(b)—and whether particular circumstances satisfy that standard—is a question of law.[1] In *Biscotti*, the state at sentencing asked for 30 days to provide the court with evidence of an appropriate amount; the trial court agreed and left the amount of restitution open for 30 days. Four months later, when the trial court inquired about the status of the restitution matter, it became clear

---

[1] The state invites us to revisit that conclusion in favor of applying an abuse of discretion standard for "good cause" determinations under ORS 137.106(1)(b). We decline that invitation. *See also State v. Johnson*, 339 Or 69, 86, 116 P3d 879 (2005) (when terms like "good cause" appear in statutes, and especially as applied in cases where there is no factual dispute, they invoke an objective standard to be reviewed for legal error; if that standard is satisfied, then trial court's ultimate decision whether to take action may be reviewed for abuse of discretion).

that the state had lost track of the file. The trial court concluded that the state's inadvertence constituted good cause to order restitution outside the 90-day time limit. *Id.* at 298. The defendant appealed, challenging the conclusion that the state's inadvertence supplied good cause to keep open the restitution period. In response, the state argued that, although it had no explanation for the delay other than its failure to keep track of the file, the court had properly found good cause because the victim did not cause the delay. *Id.* at 299.

We began by observing that the 90-day deadline is mandatory: ORS 137.106(1)(b) provides that the court "shall" determine restitution within a specified amount of time, unless there is good cause to extend the time. *Id.* at 300-01. We then examined the meaning of "good cause" in ORS 137.106(1)(b). We noted that "good cause" in similar statutes had been interpreted not to include prosecutorial inadvertence or neglect and discerned no textual reason to construe the term differently in ORS 137.106(1)(b). *Id.* at 301-02. Further, we rejected the defendant's argument that "good cause" in ORS 137.106(1)(b) should be interpreted differently because the legislative history established that the purpose of the statute was to ensure prompt restitution to crime victims. Even assuming the "obvious" proposition that the legislature wanted to assure timely restitution for crime victims, we declined to draw "from that general policy the conclusion that the legislature intended to confer on the state a free pass to delay in proving the amount of restitution for literally any reason—from inadvertence to outright misconduct—so long as the victim did not participate in the delay." *Id.* at 303.

■ Defendant argues that here, as in *Biscotti*, the state lost track of the file for several months after sentencing and the only reason that no action took place within the time allowed by the statute was the state's inadvertence.[2] Such

---

[2] Here, the state moved for a supplemental judgment of restitution on the ninety-second day after entry of the original judgment. Whether that filing occurred as a matter of law within the 90 days contemplated by ORS 137.106(1)(b) is beside the point. Although the legislature could have set a deadline for a motion for supplemental judgment of restitution in ORS 137.106(1)(b), it did not do so; it set a deadline for *determination* of restitution.

inadvertence, defendant argues, is not good cause to extend the time for determining and ordering restitution beyond 90 days.

The state argues that this case differs from *Biscotti* for two reasons. The state first notes that restitution was initially left open to accommodate defendant and the victim, not the state, and so it was proper to leave restitution open for 90 days. The question before us, however, is not whether restitution was properly left open after sentencing, but whether it was proper to leave it open beyond the 90-day limit. To accommodate defendant and the victim, the trial court held restitution open for 90 days; the court did not conclude that accommodating defendant and the victim was good cause to leave the restitution period open beyond that point.

Second, the state argues that there was good cause to extend the time for determining restitution beyond the 90-day limit because defendant opposed the state's motion for a supplemental judgment of restitution. Once defendant opposed the motion, the trial court was required to set a hearing, and, as the state reasons, the need for that hearing was good cause for the trial court to determine and order restitution beyond the 90-day limit. What the state's argument fails to acknowledge is that, by filing the motion on—most favorably viewed—the ninetieth day, it foreclosed all possibility of the trial court determining restitution within 90 days.

No action was taken in this case until it was too late for the trial court to determine restitution within the time required by the statute, 90 days after entry of the original judgment. The best that can be said for the state is that the delay was due to (1) an inadvertent mislaying of the file and (2) a very late effort to seek an order of restitution.[3] We think it is a fair extension of *Biscotti*—and a very fair reading of the statutory wording—to hold that, on this record, there was no good cause for extending beyond 90 days the time to determine and order restitution.

Award of restitution in amended judgment reversed; otherwise affirmed.

---

[3] Given (1), even (2) may be irrelevant.