Submitted May 25, affirmed November 2, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLAYTON FREDRICK LANDRETH,
*Defendant-Appellant.*

Malheur County Circuit Court
09032079C; A143055

265 P3d 89

Peter Gartlan, Chief Defender, and Elizabeth Corbridge Ranweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ROSENBLUM, S. J.

**ROSENBLUM, S. J.**

Defendant was convicted of unauthorized use of a vehicle, ORS 164.135, and, as part of his sentence, was required to pay $1,196.49 in restitution. On appeal, defendant asserts that the trial court erred in imposing restitution because, pursuant to ORS 137.106(1)(b), the court was required to determine restitution within 90 days of entry of the judgment of conviction and lacked "good cause" to extend the time beyond 90 days. In this case, the court held the restitution hearing 98 days after the entry of the judgment of conviction. Defendant also makes several other arguments concerning the imposition of restitution; we reject those arguments without discussion. As explained below, we conclude that the trial court properly extended the time beyond 90 days for "good cause." Consequently, we affirm.

The pertinent facts are procedural and not in dispute. Defendant pleaded guilty to the charge, and a judgment of conviction was entered on April 20, 2009. At that time, the parties and the court discussed the fact that, although the parties had attempted to reach an agreement on the amount of restitution, they had not, and a restitution hearing would be needed. The court indicated that it would be set within 90 days. On July 8, 2009, the prosecutor filed a motion for an amended judgment imposing restitution, indicating that the victim would testify to the amount of economic damages incurred. The trial court held a hearing on the motion on July 27, which was continued to August 3.[1] After the hearing was completed, the court entered the amended judgment imposing restitution.

At the beginning of the hearing on July 27, defendant argued that, because the hearing was on the ninety-eighth day after judgment had been entered, no restitution should be imposed. The prosecutor responded that the court had authority to extend the 90-day timeline set forth in ORS 137.106(1)(b) for "good cause," and further stated that the motion had not been filed earlier because the victim had been

---

[1] Defendant's challenge is to the date on which the hearing began. He does not argue that the court's continuation of the hearing until August 3 (to give defendant time to subpoena witnesses) was impermissible under the statute.

recently diagnosed with Parkinson's Disease, had been undergoing treatment, and had been hospitalized, and that the motion for the amended judgment had been filed in July because "it was just a matter of getting together with [the victim] and completing this restitution investigation." The court concluded that "good cause" had been shown for determining restitution beyond the ninetieth day, noted that the hearing had been set for July 27 "because of scheduling with the court," and proceeded to take evidence on the matter.

On appeal, defendant makes what we understand to be two arguments relating to ORS 137.106(1). First, defendant appears to be asserting that, under the statute, the court had no authority to even consider the matter of restitution after the ninetieth day beyond the date of the judgment because the court had not, at that point, made a determination of "good cause" to permit the issue to be decided after 90 days. We find no support for defendant's argument in the text of the statute.

We review the trial court's determination of "good cause" for errors of law. *State v. Biscotti*, 219 Or App 296, 299, 182 P3d 269 (2008). ORS 137.106(1) provides, in part:

> "When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:
>
> "* * * * *
>
> "(b) A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. The court may extend the time within which the determination and supplemental judgment may be completed for good cause."

Defendant suggests that the prosecutor was required to file a written motion seeking a "good cause" determination, or that the court was required to make such a determination, within 90 days of entry of the judgment of conviction. Nothing in the text or context of the statute imposes either such requirement. *See* ORS 174.010 (in construing a statute, the court is not to insert what has been omitted).

Defendant next argues that the record does not support the court's determination that there was "good cause" for extending beyond 90 days the time for imposing restitution. Defendant posits that delay due to "scheduling with the court" does not constitute "good cause," citing as persuasive authority cases construing other statutes that contain "good cause" requirements for extending deadlines. We do not reach that argument because we do not understand the court in this case to have based its good cause determination on its own scheduling needs. Rather, immediately after the prosecutor described the victim's illness, the trial court stated, "Okay, I'm going to find that there's a good cause to extend the time." The court subsequently remarked that the prosecutor's motion was filed within the 90 days and that the hearing was set when it was due to "scheduling with the court." In context, we understand the court's statements to mean that the prosecutor had "good cause" to file the motion in early July—more than two months into the 90-day period—due to the victim's illness and that, in that circumstance, there was good cause to hold the restitution hearing outside of the 90-day period.[2]

Defendant makes several arguments in support of his position that the delay in this case was due to "prosecutorial inadvertence or neglect." *Biscotti*, 219 Or App at 301. First, defendant notes that the amount requested by the prosecutor in the July motion was, in fact, the same amount that the prosecutor had stated would be sought at the April hearing. From that, we understand defendant to be suggesting that the prosecutor did not need any time after the April

---

[2] In support of this conclusion, we note, in particular, that the time between when the prosecutor filed the motion and the court held a hearing on it was not unusually long.

hearing to determine the proper amount of restitution. Knowing the amount of restitution that the victim wants, however, is not the same as having the proof necessary to establish that the victim is entitled to that amount in economic damages. As noted above, we understand the prosecutor's statements on that matter to indicate that further investigation of the amount of economic damages was required, and that there were some difficulties in concluding that investigation because the victim was in poor health. Particularly in light of the fact that the investigation was completed before the 90-day deadline, we conclude that the timing of the prosecutor's motion was not due to "inadvertence or neglect."

Defendant further asserts that the prosecutor was inattentive to the approaching 90-day deadline and that "inattentiveness" is not good cause. In making that assertion, defendant relies on *Biscotti* and on our decision in *State v. Murrell*, 242 Or App 178, 255 P3d 574 (2011). In *Biscotti*, however, the 90-day deadline was not met because the prosecutor "lost track of the file," and "the case did not get placed in the 'pile of pending matters" and ended up being ignored" until well past the 90-day deadline. 219 Or App at 298. Similarly, in *Murrell*, shortly after the judgment of conviction was entered, the prosecutor who had handled the case left the district attorney's office, and the case was ignored until the ninetieth day, when a staff member "happened to notice the file on a coworker's desk," and, as a result, a motion for a supplemental judgment was sought on the ninetieth day. 242 Or App at 180-81. There, the state conceded that the case had "fall[en] through the cracks," because the prosecutor who had been handling it had left the office. *Id.* at 181. In those circumstances, we concluded that the prosecutorial inattentiveness did not constitute "good cause" for extending the 90-day deadline.

Here, by contrast, there is no suggestion that the case was inadvertently neglected by the prosecutor handling it. Rather, the motion was filed more toward the end of the 90-day period due to the victim's circumstances. Unlike *Murrell*, the motion was not filed at the very last minute or, indeed, after the 90 days had passed, as was the case in *Biscotti*. Rather, the motion was filed slightly more than two-thirds of the way through the period, and the hearing was

held a few days after the 90-day deadline had passed. In these circumstances, and in light of the prosecutor's explanation of the victim's illness, we conclude that the trial court correctly concluded that there was "good cause" to determine restitution past the ninetieth day.

Affirmed.