336 January 8, 2025 No. 25

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUCILLE ANNE BURTON,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR12864; A181110

Katherine E. Weber, Judge.

Argued and submitted November 20, 2024.

Emma McDermott, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Vacated and remanded.

**EGAN, J.**

In this criminal case, defendant challenges her conviction, after a jury trial, for driving under the influence of intoxicants (DUII). ORS 813.010. In her sole assignment of error, defendant argues that the trial court erred when it denied defendant's petition to enter into DUII diversion, asserting that the COVID-19 state of emergency constituted good cause for the extension of the period of eligibility for diversion based on the Chief Justice Order (CJO) 21-034 and CJO 21-056. For the reasons that follow, we vacate and remand.

## STATUTORY BACKGROUND AND STANDARD OF REVIEW

Two statutes govern the diversion process in this case, and we review the trial court's decisions under each statute differently. First, ORS 813.210(1)(a) provides that a defendant may petition to enter into a DUII diversion program within 30 days of the defendant's first appearance, or later if the trial court approves a later filing date after the defendant shows good cause. We review the trial court's "good cause" determination under ORS 813.210(1)(a) for legal error. *See State v. Johnson*, 339 Or 69, 86, 116 P3d 879 (2005) ("[I]t is clear that, when ['good cause'] appear[s] in a statutory context, [it is] focused on real, albeit sometimes difficult to discern, legal standards: the *legislature's* view of what is 'good[.]' *** As such, in the absence of a factual dispute, a determination that 'good cause' not to dismiss has been shown *** invokes an objective standard and must be reviewed for legal error." (Emphasis in original.)); *see also State v. Murrell*, 242 Or App 178, 182 n 1, 255 P3d 574 (2011) (declining the state's invitation to hold that an abuse of discretion standard applies to the good cause determination in the statutory context).

Next, if the defendant satisfies the requirements of ORS 813.210, the trial court "shall determine whether to allow or deny a petition" for DUII diversion after consideration of several factors. *See* ORS 813.220 (noting twelve factors, some of which "may" be considered, some of which "shall" be considered, and some of which require denial if

they are present). We review a court's decision "to permit a defendant to enter diversion in light of various considerations" under ORS 813.220 for abuse of discretion. *State v. Warrington*, 219 Or App 566, 568-69, 184 P3d 1160 (2008).

## BACKGROUND

The facts of this case are procedural and uncontested. On March 16, 2021, the state charged defendant with misdemeanor DUII based on an incident that occurred in November 2020. Defendant was arraigned on March 24, 2021, and she was represented by counsel. At the arraignment, the court told defendant that she was eligible for diversion, and defendant received a packet of information about that program.

Defendant next appeared with her attorney for a status hearing on April 30, 2021. The state and defendant informed the court that she would enter her petition for diversion at a hearing on June 22, 2021. The court scheduled a hearing for that date, noting that it "would anticipate entry of diversion" and a plea.

Defendant's attorney appeared on her behalf on June 22. Defendant did not appear, because she was in quarantine; her defense counsel presented a doctor's note to excuse her absence. Defense counsel informed the court that defendant had notified defense counsel that she did not want to enter diversion. While setting the trial date, defense counsel informed the court that he would be on a military deployment until December 10, 2021. Based on that information, the court set defendant's trial for January 6, 2022.

When defendant appeared for a status hearing on January 6, 2022, she had a new attorney, and her new defense counsel requested a contested diversion hearing for this case. The court held a contested diversion hearing on January 28, 2022.[1] Defense counsel argued that defendant should be permitted to petition for diversion "under just the good cause Section [of ORS] 813.210" and "the extended

---

[1] Although the court held a hearing on defendant's request for diversion, the court file does not contain a petition for diversion. At the hearing on January 28, 2022, defendant's attorney told the court that she "fill[ed] all of the diversion paperwork," and she "handed it" to the court's staff.

timelines under the Chief Justice's order." Defense counsel also argued that defendant's previous counsel did not adequately advise defendant regarding diversion, and she should not be "punished" for receiving bad advice.

During oral argument, the trial court noted its concern about the timing of defendant's request, that it had originally set a hearing for defendant to enter diversion in April 2021, and that the DUII diversion hearing was scheduled for June 22, 2021 (about seven months earlier). The state objected to defendant's request for diversion, arguing that defendant asked for trial on June 22, 2021, and there was no dispute that defendant knew that she was eligible for DUII diversion at that time. The state also argued that the court informed defendant about diversion at her arraignment in March 2021. Because defendant knew about the option for diversion and affirmatively chose to proceed to trial, the state argued that defendant did not demonstrate good cause.

The court denied defendant's petition for diversion under ORS 813.210.[2] A trial was held in March 2023, and the jury found defendant guilty of DUII. Defendant now appeals.

## DISCUSSION

On appeal, defendant argues that the trial court erred in concluding that she was not permitted to petition to enter diversion beyond the 30-day deadline, because "CJO No. 21-056 automatically determined that the COVID-19 emergency constituted good cause to extend the time period of eligibility at the time of defendant's hearing." According to defendant, because the trial court erred in rejecting the petition under ORS 813.210, the trial court never exercised its discretion under ORS 813.220, and we should remand for the trial court to do so.

As noted, ORS 813.210(1) provides, in part:

---

[2] Although the court did not state that defendant failed to establish good cause when it ruled on defendant's petition, both parties referred solely to the good cause provision of ORS 813.210 in their arguments before the trial court. Neither party nor the trial court referred to ORS 813.220, and the court did not mention any of the factors from ORS 813.220 in making its decision. Under the circumstances, we understand the court's decision to have been based solely on ORS 813.210.

"(1)   After an accusatory instrument has been filed charging the defendant with the offense of driving while under the influence of intoxicants, a defendant may file with the court a petition for a driving while under the influence of intoxicants diversion agreement described in ORS 813.200. The petition:

"(a)   Must be filed within 30 days after the date of the defendant's first appearance on the summons, unless a later filing date is allowed by the court upon a showing of good cause. For purposes of this paragraph, the filing of a demurrer, a motion to suppress or a motion for an omnibus hearing does not constitute good cause."

On September 1, 2021, Chief Justice Walters issued CJO 21-034. In relevant part, that order provided:

"1.   This order applies to DUII Diversions governed by ORS 813.200 to 813.328 and extends or provides authority to extend statutory time periods and time requirements during the COVID-19 state of emergency as described below, and, unless provided otherwise below, continuing for 60 days after the declaration of that state of emergency is no longer in effect.

"2.   Eligibility for diversion agreement

"a.   Notwithstanding ORS 813.210(1), * * * *a defendant who was eligible for diversion on March 8, 2020, is eligible for diversion during the COVID-19 state of emergency*, provided that the defendant is otherwise eligible under ORS 813.215. *The COVID-19 state of emergency constitutes existence of good cause for extension of the period of eligibility, and a defendant need not file a motion for extension of the period of eligibility*."

CJO 21-034 (emphases added). That order was set to expire on January 1, 2022, but it was superseded on December 15, 2021, by CJO 21-056. CJO 21-056 provided that the good cause extension "terminates 60 days after the declaration of the COVID-19 state of emergency or any extension is no longer in effect, or pursuant to further Chief Justice order, whichever first occurs." The state of emergency ended on April 1, 2022. Executive Order 22-03 (Mar 17, 2022).

Both parties submit that the CJOs extended the timeline for petitioning for DUII diversion. We agree. The

CJO states that, "[n]otwithstanding ORS 813.210(1)[,] *** a defendant who was eligible for diversion on March 8, 2020, is eligible for diversion during the COVID-19 state of emergency," and it states that a defendant "need not file a motion for extension of the period of eligibility." Those provisions indicate that the CJO extended the 30-day time limit outlined in ORS 813.210 through the COVID-19 state of emergency. Because the CJOs establish that the COVID-19 state of emergency "constitutes existence of good cause for extension of the period of eligibility," and a defendant "need not file a motion for extension of the period of eligibility," in this case, defendant was not required to establish "good cause" for not filing her petition for diversion within 30 days of her first appearance; the CJOs expressly allowed a petition to be filed beyond the 30-day limitation that ordinarily applies, through the end of the COVID-19 state of emergency.

The state argues that, because defendant had previously rejected the diversion program and decided to proceed to trial, the extended deadline for diversion as outlined in the CJOs did not apply. According to the state, the CJOs do not provide defendant another chance to accept and participate in the program when defendant had rejected diversion earlier in the case.

We disagree. When a defendant's petition for DUII diversion is timely, ORS 813.210 only prohibits a defendant from filing a petition for diversion after entry of a guilty or no contest plea or commencement of trial. ORS 813.210(1)(b). Nothing in the statute prohibits a defendant from changing their mind about a previous decision to proceed to trial, and instead enter DUII diversion, within the permitted statutory time period. In this case, when defendant petitioned for diversion, the CJOs had extended the statutory time limit, and she was not required to show good cause in order for the court to reach its discretionary determination under ORS 813.220. Defendant's trial had not commenced, and she had not entered a guilty or no contest plea. Thus, defendant's initial decision to proceed to trial did not cut off defendant's ability to petition for DUII diversion.

Therefore, we conclude that the trial court erred when it rejected defendant's petition under ORS 813.210.

Because of that decision, it never exercised its discretion under to ORS 813.220 to determine whether to permit DUII diversion. We reverse defendant's conviction and remand for reconsideration of defendant's petition for diversion. If the trial court concludes that defendant would not be a good candidate for diversion and denies the petition, it may then reinstate her conviction. *Warrington*, 219 Or App at 569.

Vacated and remanded.