No. 733 August 13, 2025 619

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VAUGHN PAUL WINKLER,
*Defendant-Appellant.*

Yamhill County Circuit Court
23CR15668; A183685

Ladd J. Wiles, Judge.

Submitted July 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction, entered after a conditional guilty plea, for one count of driving under the influence of intoxicants (DUII), ORS 813.010(4). He raises a single assignment of error. We affirm.

The relevant facts are procedural. Here, the state opposed defendant's petition for a diversion agreement and argued that defendant was not eligible because—as a result of a prior DUII conviction—he had "successfully completed treatment" in 2018. After hearing defendant's testimony, the trial court denied defendant's petition, determining that defendant was not eligible for diversion under ORS 813.215 and that, even if he was eligible, it would not allow the diversion agreement under ORS 813.220.[1] Defendant then entered a conditional guilty plea reserving his "right to appeal [the trial court's] decision on defendant's diversion eligibility."

On appeal, defendant argues that the trial court erred under ORS 813.215 when it "concluded that he was not eligible for the DUII diversion program." The state responds that, "even if defendant could show that the trial court erred as to eligibility, that would not change the trial court's separate discretionary determination that diversion was also not appropriate under ORS 813.220."

We need not decide if the trial court erred under ORS 813.215 because the record demonstrates that the trial court also relied on ORS 813.220 when it denied defendant's petition. *See State v. Parker*, 235 Or App 40, 47, 230 P3d 55 (2010) ("[E]ven if a defendant has established eligibility for diversion under ORS 813.215, the court must then determine whether to allow diversion by reference to a variety of considerations" under ORS 813.220.). However, defendant does not challenge the trial court's determination under ORS 813.220. As a consequence, "[t]hat unchallenged

_____

[1] ORS 813.215 provides, in relevant part, that a defendant "is eligible for diversion if the defendant meets" certain "conditions." In turn, ORS 813.220 provides, in relevant part, that a trial court "shall determine whether to allow or deny a petition for driving while under the influence of intoxicants diversion agreement" and lists both mandatory and permissive factors that a trial court must consider in making its determination.

conclusion is an independent basis for affirmance." *State v. Rivera-Negrete*, 233 Or App 96, 102, 224 P3d 702 (2009) (concluding that "[w]e need not reach the state's argument that *** the officer had objectively reasonable concerns for his safety, because the state has not challenged the trial court's conclusion that defendant was stopped, without reasonable suspicion")

Affirmed.