No. 994 November 19, 2025 95

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHILIP DUANE CHAPMAN,
*Defendant-Appellant.*

Lane County Circuit Court
22CR32904; A183666

Bradley A. Cascagnette, Judge.

Submitted October 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Defendant appeals from a judgment revoking his probation and sentencing him to 45-months' incarceration. Defendant alleges that the trial court erred in finding that the state proved one of the alleged probation violations. We agree and reverse and remand.

Defendant pleaded guilty to charges of unlawful use of a weapon, strangulation, and menacing, all constituting domestic violence, and was sentenced to 36 months of probation. As part of the conditions of probation, defendant was required to participate in a substance abuse evaluation as directed by the supervising officer and follow the recommendations of the evaluator, and enter into and successfully complete an inpatient treatment program at CityTeam and comply with all conditions of that program.

Following his discharge from two residential substance abuse treatment programs for noncompliance with program rules, the court issued an order to show cause for why his probation should not be revoked, listing the following alleged violations:

"1.   Failed to participate in substance abuse evaluation and treatment and follow all recommendations of evaluator.

"2.   Failed to successfully complete an inpatient treatment program at CityTeam and comply with all conditions of that program."

A hearing was held at which the court heard testimony from defendant's probation officer and staff at the two inpatient treatment facilities from which defendant had been discharged. The trial court found that the state had proved both allegations by a preponderance of the evidence, and revoked defendant's probation.

Defendant asserts on appeal that the trial court erred in finding that he failed to participate in substance abuse evaluation and treatment and follow all recommendations of the evaluator, raising two arguments. First, defendant asserts that he did participate in evaluations and treatment, despite not successfully completing the programs. The state concedes that the record establishes that

he participated in various evaluations and treatment programs.[1] Second, defendant argues that the record was insufficient for the court to conclude that he failed to follow all recommendations of an evaluator, because the record contains no evidence of what those recommendations were, and the court could therefore only speculate that the evaluator recommended successful completion of the specific programs that defendant was discharged from. The state maintains that the record is sufficient for the court to have made the reasonable inference that the evaluator's referral to residential treatment necessarily included a recommendation that defendant meaningfully participate in and complete treatment. Because the record establishes that defendant was terminated from treatment programs for noncompliance with program rules and expectations, the state asserts that the court was permitted to find that he violated the probation condition that he follow an evaluator's recommendations.

The state bears the burden of proving by a preponderance of the evidence that a defendant violated a condition of probation. *State v. Martin*, 370 Or 653, 668, 522 P3d 841 (2022). We review for legal error whether there is sufficient evidence in the record to satisfy the state's burden to prove a probation violation. *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018).

We conclude that the record here was insufficient to support the court's finding that defendant failed to follow an evaluator's recommendations regarding substance abuse treatment. The record contains no such evaluations, and therefore the specifics of any recommendations, and whether defendant failed to follow them, are unknown. One witness referenced defendant being referred to their inpatient program, and defendant's probation officer mentioned referrals to programs, but neither witness elaborated on how the referrals came about, who made them, or what the details

---

[1] In a separate case decided today concerning a different defendant with the same last name, *State v. Chapman (A183086)*, 345 Or App 9, ___ P3 ___ (2025), the state took a different position as to whether ultimately unsuccessful engagement in drug treatment constituted "participation" for purposes of a similar alleged probation violation. We noted that "participate" means some level of taking part, attending, or engaging, and does not require success or completion of a program. *Id.* at 13. Because the state concedes that defendant's actions in this case constituted participation, we need not address that issue further.

of the recommendations were. The counselor from the other program testified that he was unaware of what had brought defendant to their program. Without any evidence as to the content of any evaluator recommendations regarding treatment, the record was legally insufficient to support the court's finding that defendant had failed to follow recommendations. Because the state concedes that defendant did participate in substance abuse evaluation and treatment, we conclude that the trial court erred in finding defendant to be in violation of his probation on the first allegation.

Defendant does not dispute that he failed to successfully complete inpatient treatment, the second violation found by the court. However, defendant asserts that the record is unclear as to whether the court would have revoked solely on that basis. We agree. The trial court did not indicate on the record whether it would have revoked defendant's probation on the basis of his failure to complete inpatient treatment alone. *See, e.g.*, *State v. Rivera-Waddle*, 279 Or App 274, 280, 379 P3d 820 (2016) (reversing a probation revocation judgment and remanding for reconsideration when the trial court erroneously found the defendant in violation of probation on an improper ground, but there were four other potential bases for revocation). We therefore reverse and remand for the court to reconsider whether to revoke probation, and if so, to reconsider the sentence.[2]

Reversed and remanded.

---

[2] The trial court noted during sentencing that the sentences were being imposed consecutively based on the finding of two probation violations.