No. 983　　　　November 19, 2025　　　　9

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA FOREST CHAPMAN,
*Defendant-Appellant.*

Lane County Circuit Court
21CR48619; A183086

Kamala H. Shugar, Judge.

Argued and submitted October 2, 2025.

David L. Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Reversed.

**SHORR, P. J.**

Defendant appeals from a judgment revoking his probation and sentencing him to 30-months' incarceration. The trial court concluded that the state had proved, by a preponderance of the evidence, that defendant failed to participate in substance abuse evaluation and treatment, and therefore the purposes of probation were not being served. On appeal, defendant asserts that the record was insufficient to support the finding that he had violated probation in the manner alleged by the state in the affidavit and order to show cause, arguing that he had participated in treatment, despite not successfully achieving sobriety or completion of his programs. We conclude that the record is insufficient to support the court's finding that defendant failed to participate in substance abuse evaluation and treatment, and we therefore reverse.[1]

In 2022, defendant pleaded guilty to unauthorized use of a vehicle and driving while suspended or revoked and was sentenced to 30 days in jail and 24 months of supervised probation. As a general condition of probation, defendant was required to "participate in a substance abuse evaluation as directed by the supervising officer and follow the recommendations of the evaluator," because he had a history of substance abuse. He was additionally subject to the following special condition of probation: "If deemed appropriate and approved for Lane County Adult Treatment Court, enter and successfully complete the program. Defendant shall report to Lane County Circuit Court at 9:30 a.m. on August 9, 2022, and follow all directives of Lane County Adult Treatment Court and any designated treatment provider."

The record reflects that, over the following year, defendant appeared in treatment court on a near-weekly basis. His engagement and follow-through with requirements were variable. He attended group and individual treatment appointments, but at times had difficulty showing

---

[1] Defendant additionally asserts that, to the extent that the court's decision can be interpreted as revoking his probation based on his failure to *successfully* participate in treatment or based on his termination from treatment court, those bases were not alleged in the affidavit or the order to show cause, and therefore his due process rights were violated. Because we reverse on defendant's first argument, it is unnecessary to reach his second argument.

up on time or attending all appointments. He entered residential treatment twice, but did not complete the programs. He received numerous "sit sanctions," work crew days, and a few days in jail as sanctions for non-compliance with treatment court expectations. However, he was also praised at times for his thoughtful reflections, candidness with the court, and improvement with attendance and punctuality. Ultimately, in August 2023, the treatment court issued a show cause order as to why he should not be terminated from treatment court, noting allegations that he had failed to progress and demonstrated a persistent inability to comply with program expectations, had provided a fraudulent urine sample, and was dishonest with the court regarding his use of controlled substances. Defendant admitted the allegations and was terminated from treatment court.

The state subsequently filed a motion to show cause why defendant's probation should not be revoked, alleging a single basis: "Failed to participate in substance abuse evaluation and treatment." The court issued a show cause order including the same language, and a hearing was held. At the hearing, defendant asserted that the state had failed to meet its burden of proving the allegation, because he had been participating in substance abuse evaluation and treatment for the past year, and therefore could not be deemed to have failed to participate.

The court issued a judgment stating that "the State proved by a preponderance of the evidence to the allegations contained in the Order to Show Cause dated September 01, 2023. The purposes of probation are not being served." The court therefore revoked defendant's probation and sentenced him to 30 months in prison. Defendant timely appealed.

The state bears the burden of proving a probation violation by a preponderance of the evidence. *State v. Martin*, 370 Or 653, 668, 522 P3d 841 (2022). "Whether there is sufficient evidence in the record to satisfy the state's burden is a legal question." *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018). In making that determination, we view the evidence in the light most favorable to the state. *State v. Butler*, 313 Or App 786, 788, 494 P3d 1031, *rev den*, 368 Or 787 (2021).

A probation revocation proceeding is a proceeding to make a determination about specific alleged probation violations. *State v. Berglund*, 311 Or App 424, 430, 491 P3d 820 (2021). The scope of the court's authority to revoke is "tied to particular probation violations—the ones charged in the affidavit supporting the arrest warrant issued during the probation period." *Id.* "A probationer has a right to notice of specific, claimed probation violations, and the revocation proceeding is limited to those noticed violations under the due process clause of the Fourteenth Amendment to the United States Constitution." *Id.* at 431. The alleged violation contained in the affidavit and the show cause order stated that defendant "failed to participate in substance abuse evaluation and treatment." Defendant asserts that "participation" involves some degree of interactive involvement with a program but does not require successful *completion* of the program. Although he admits that his performance was inconsistent at times, he argues that he could not be deemed to have "failed to participate" when he regularly appeared before the court for a year, attended group and individual therapy, composed written reflections for the court, made residential placement calls, provided urine samples, and attempted residential treatment twice.[2] The state maintains that the allegation, when considered in context of defendant's recent termination from treatment court, was sufficient to put defendant on notice that the state was seeking to revoke his probation because he had not successfully or effectively participated in treatment. The state acknowledges that there was no dispute that defendant had participated in treatment court *to some degree*; however, the state argues that it was obvious to all parties, defendant included, that the state had moved to revoke probation precisely because defendant had been terminated from treatment court.

The allegation in the show cause order that defendant "failed to participate in substance abuse evaluation and treatment" is not based on any statutorily-mandated

_____

[2] The state argues that defendant's arguments are unpreserved and should only be considered in a plain error context. Although defendant's second argument presents a closer call that we need not resolve, we readily conclude that defendant's arguments below adequately preserved the issue of whether the state met its burden to prove that he failed to participate in treatment.

probation condition.[3] We therefore consider it only in terms of the ordinary meaning of the words, specifically the meaning of the word "participate." In *State v. Parker*, 235 Or App 40, 45, 230 P3d 55 (2010), we examined the common usage of the word in context of participation in a diversion or rehabilitation program. Citing dictionary definitions, we stated: "'Participate,' in common usage, means 'to take part in something (as an enterprise or activity) usu. in common with others.'" *Parker*, 235 Or App at 45 (quoting *Webster's Third New Int'l Dictionary* 1646 (unabridged ed 2002)). We further noted that the word "participation" is defined as

> " 'the action or state of participating: as **a:** the action or state of partaking of something *** **c** (1) **:** the action or state of taking part with others in an activity *** (2) **:** social interaction in a group *** esp. as carried on through attendance at and contributions to group activities ***.' "

*Id.* (ellipses in *Parker*). We concluded that "[t]he substance of those definitions is that one 'participates' when one shares or takes part in an experience, activity, or enterprise, generally with others." *Id.*

We are not persuaded by the state's argument that we should read additional implied words into the allegation in assessing whether the record was sufficient to establish the basis for revocation. As we noted in *Berglund*, an individual is entitled to due process in a probation revocation proceeding, which includes "written notice of the claimed violations." 311 Or App at 431 n 4 (citing *Morrissey v. Brewer*, 408 US 471, 489, 92 S Ct 2593, 33 L Ed 2d 484 (1972), and *Gagnon v. Scarpelli*, 411 US 778, 782, 93 S Ct 1756, 36 L Ed 2d 656 (1973)). Despite the state's assertion that, in context, all parties would have understood what the alleged violation meant, the record does not support that position.

Defendant's entire argument at the revocation hearing was that he *had* participated in treatment court to some degree, and therefore had not "failed to participate

---

[3] Indeed, as defendant raised in his reply brief, the basis upon which his probation was ultimately revoked did not match any judicially imposed condition of probation. At oral argument, counsel for the state acknowledged that the allegation was poorly written and did not track the statutory language or the express conditions of probation. However, because that issue was not raised below and was not raised in the opening brief, we do not reach it.

in substance abuse evaluation and treatment." Defendant's approach to the revocation hearing does not support the state's position that everyone understood that the allegation was that defendant had been terminated from treatment court for failure to effectively participate. While all parties were obviously aware of that fact, the record does not reflect a unified understanding of the basis upon which defendant was facing probation revocation. We therefore constrain our analysis to the actual words included in the order to show cause, and reject the state's position that the show cause order meant something other than what was explicitly stated. *See State v. LaCoe*, 323 Or App 74, 81, 522 P3d 18 (2022) (concluding that the state's allegation that the defendant had failed to report as directed and abide by the direction of the supervision officer was not the same as alleging that the defendant had "absconded," despite evidence that the defendant had been warned that a failure to report would be considered as absconding, and noting that "[t]he state's pronouncement of what conduct it thinks may constitute 'absconding' is not equivalent to an allegation that the defendant has absconded[.]").

Based on the common understanding of the word "participate," we conclude that the record is insufficient to support a finding that defendant failed to participate in substance abuse evaluation and treatment. Defendant's counselor through treatment court testified at the revocation hearing as to the services that defendant took part in over the course of his involvement in treatment court, including group and individual therapy and two attempts at residential treatment. The only other evidence submitted at the revocation hearing consisted of the order terminating defendant from treatment court and the testimony of defendant's probation officer for his final four months in treatment court, noting that defendant had struggled to meet obligations of treatment court and was ultimately terminated from the program. Because he was no longer supervising defendant, the probation officer was unaware if defendant was participating in any kind of treatment at the time of the hearing. That evidence is insufficient to establish that defendant failed to participate in evaluations or treatment. Indeed, the state acknowledges that there was no dispute at the hearing

that defendant had participated "to some degree" in treatment court and had done "some of what he was asked to do."[4]

Ultimately, we reject the state's suggestion that "failure to participate" here meant failure to *effectively* participate, or failure to *successfully* participate, or failure to participate in the way that was required by treatment court. All of those qualifiers change the substance of the allegation and ultimate violation. Participation is not the same as success or completion of a program; it merely means some level of taking part, attending, or engaging. Because the record does not establish that defendant failed to do so, we reverse.

Reversed.

---

[4] In a separate case decided today concerning a different defendant with the same last name, *State v. Chapman (A183666)*, 345 Or App 95 (2025) (nonprecedential memorandum opinion), the state conceded that the defendant's ultimately unsuccessful engagement in drug treatment in that case did constitute "participation" for purposes of a similar alleged probation violation.