Argued and submitted June 17, affirmed November 2, 2011, petition for review denied March 8, 2012 (351 Or 649)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TIMOTHY JAY CONDON, JR.,
*Defendant-Appellant.*

Multnomah County Circuit Court
081034383; A143750

264 P3d 1288

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ROSENBLUM, S. J.

**ROSENBLUM, S. J.**

Defendant, who was convicted of attempted first-degree assault with a firearm, argues that the trial court erred in imposing $333,149.60 in restitution. The judgment of conviction was entered on April 9, 2009, but restitution was not determined until September 21, 2009. The trial court concluded that there was "good cause" to determine restitution beyond the 90-day timeline established by ORS 137.106(1)(b). As explained below, we conclude that the trial court properly concluded that there was good cause for entering a restitution judgment beyond the 90-day deadline. Accordingly, we affirm.

The pertinent facts are not disputed. The April 9 judgment provided that restitution was to be determined within 90 days. On July 13, several days beyond the 90th day after entry of the judgment, the mother of the victim sent a letter to the prosecutor handling the case, enclosing "hospital bills for the restitution part of [defendant's] trial. It has been hard trying to get these all together and I am probably missing some, but I figure we are running out of time, so I sent all I had." On July 22, the prosecutor received the information from the victim's mother and, the following day, sought to schedule a restitution hearing. It appears that the hearing was scheduled for September 9, then later rescheduled for September 15, and again rescheduled for September 21 for reasons that are not stated in the record.

At the hearing, the prosecutor noted that the state had not met the 90-day deadline and explained that the victim had had some difficulty in gathering the restitution documentation. The victim's mother testified that she had been made aware of the 90-day deadline at the time of defendant's sentencing and that, approximately a month and a half after the judgment had been entered, she talked to the victim about gathering the bills for restitution, at which point she found out that the shoe box in which he kept his medical bills had been misplaced. She then contacted medical service providers seeking duplicates, with limited success. She spent at least seven or eight hours attempting to get information from at least five different medical providers. In late June or early July, the victim found the shoebox, at which point his mother

forwarded the information to the prosecutor. On cross-examination, the victim's mother testified that, during the 90 days following the entry of the judgment of conviction, the prosecutor's office had not contacted her about restitution, and she had not contacted the prosecutor's office to explain the difficulty in obtaining the necessary documentation.

The trial court ruled that there was good cause for determining restitution beyond the 90-day deadline:

"In this case, it's reasonable * * * to allow additional time given the situation here. Obviously, in a perfect world, [the victim's mother] would have gotten a hold of [the prosecutor], and [the prosecutor] would have asked for an extension up front. But it most certainly would have been granted given the severity of the injuries here, and just the reasonableness. * * * I'm finding that [the victim's mother] made a reasonable effort to gather the information. They were, in fact, gathering extensive information regarding over $300,000 in medical bills. They got that information to the state ten days beyond the 90 days, and it is reasonable to grant such an extension for good cause even in retrospect, given the amount of information they had to go through and collect, given the gravity of the injuries to the victim and the need for victims to be compensated for the crime."

Defendant appeals, arguing that the trial court erred in finding good cause for extending the deadline for determining restitution. Defendant first argues that the trial court erred because it failed to make the determination within 90 days. We disagree. *See State v. Landreth*, 246 Or App 376, 380, 265 P3d 89 (2011) (rejecting similar argument). He asserts that, under *State v. Biscotti*, 219 Or App 296, 298, 182 P3d 269 (2008), there was no good cause because the delay was caused by "prosecutorial inadvertence or neglect." In response, the state does not squarely address the accusation of "prosecutorial inadvertence or neglect" but rather takes the position that, given the severity of the victim's injuries, the quantity of documents involved, and his mother's good-faith efforts to compile the records within the 90-day deadline, "good cause" was shown.

We review the trial court's determination of "good cause" for errors of law. *Biscotti*, 219 Or App at 299. ORS 137.106(1) provides, in part:

"When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"* * * * *

"(b)   A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. The court may extend the time within which the determination and supplemental judgment may be completed for good cause."

In *Biscotti*, the 90-day deadline prescribed by ORS 137.106(1)(b) was not met because the prosecutor's office "lost track of the file * * * and [it] ended up being ignored" until approximately past the 90-day deadline. 219 Or App at 298. There, we noted that "the *only* cause for the delay in this case was the state's carelessness." *Id.* at 304 (emphasis added). Similarly, in *State v. Murrell*, 242 Or App 178, 255 P3d 574 (2011), the prosecutor who had handled the criminal case had left the office after the sentencing hearing, and "the state conceded that the case had 'fall[en] through the cracks[.]' " *Id.* at 181.

Defendant maintains that this case is indistinguishable from *Biscotti* and *Murrell*, noting "the lack of prosecutorial diligence in checking with the victim's family as to their progress at any point during the 90 days." In that respect, we agree that this case is quite similar to *Biscotti* and *Murrell*. On this record, the only inference to be drawn here is that the prosecutor's office entirely ignored the restitution matter for the entire 90 days after the judgment of conviction was entered.

On the other hand, this case differs from *Biscotti* and *Murrell* in that, during a large portion of the 90-day period,

the victim's mother was actively trying to gather the supporting documentation, which, as noted, involved a large number of medical bills, and a situation in which bills had been inadvertently misplaced by the severely wounded victim.[1] The question is not whether there was the "good cause" for the prosecutor's unexplained failure to take action within the 90-day period, but rather, whether "good cause" was shown when the victim's mother, despite diligent efforts spanning more than a month, was unable to gather the necessary documentation until a few days past the 90 days. The trial court clearly believed that the latter was the "good cause" here and that, had the prosecutor been diligent and contacted the victim's family during the 90-day period, he would, in any event, have needed to seek an extension of the 90-day deadline because of the problem with the lost medical bills.

We believe that the trial court's reasoning in that respect was sound. That is, the prosecutor's neglect of the case is an unfortunate circumstance, but it is not the "cause" (much less the "good cause") for the delay in determining the restitution here.

As we have noted, the legislative purpose of ORS 137.106 is to provide crime victims with a timely remedy. *See State v. Unis*, 246 Or App 397, 402, 264 P3d 1286 (2011) (so noting). Moreover, not every error or unfortunate circumstance that causes delay, as the state and victim attempt to move forward with restitution, must result in a finding of no "good cause" for delay. *See id.* at 402 (delay caused by serious illness of restitution specialist constituted "good cause"); *Landreth*, 246 Or App at 381-82, (delay caused by the illness of the victim, which caused restitution to be determined several days outside of the 90-day deadline, was for "good cause").

In sum, while we agree with defendant that the prosecutor's handling of this restitution matter was not commendable, in the final analysis, the trial court correctly

---

[1] We note that, although defendant pleaded guilty to attempted first-degree assault (as a result of a plea bargain in which the state dropped charges of attempted murder), and the details of the crime are scant, it is clear from the content of the medical bills that the victim in this case suffered grievous internal injuries and required a lengthy period of hospitalization followed by a lengthy period of recovery. Given those circumstances, nobody is suggesting in this case that the victim himself was negligent or dilatory in failing to keep track of his medical bills.

concluded that there was good cause here to determine restitution beyond the 90-day deadline.

Affirmed.