GARRETT, J. pro tempore.
*399 ORS 137.106(1)(a) provides that, if the state seeks restitution in a criminal case, the prosecutor must present the trial court with supporting evidence "at the time of sentencing or within 90 days after entry of the judgment." The court may extend that period upon a showing of good cause. In this case, the trial court imposed restitution in a supplemental judgment entered 331 days after the entry of the judgment of conviction. On appeal, defendant argues that the delay in entering the supplemental judgment for restitution was not justified by good cause. However, the current text of ORS 137.106(1) does not require a supplemental judgment imposing restitution to be entered within any particular time after the judgment of conviction. Therefore, we affirm.
The relevant facts are procedural and not in dispute. After entering a plea of no contest to several charges, defendant was sentenced on February 24, 2016, and the judgment of conviction was entered on that date. Before the sentencing hearing, the state filed a "restitution worksheet" requesting restitution under ORS 137.106, and defendant filed a motion requesting a restitution hearing. At sentencing, defendant's attorney asked the court to set a separate restitution hearing because he needed "some time to digest it further." The court agreed with the attorney's request. As a result of a series of events not relevant to our review, a restitution hearing was held on January 12, 2017, and a supplemental judgment ordering defendant to pay $ 6,450.89 in restitution was entered on January 20, 2017-331 days after the original judgment was entered.
On appeal, defendant's sole challenge to the restitution award is that the trial court violated ORS 137.106 because "good cause" did not justify entering the supplemental judgment 331 days after the entry of the judgment of conviction. The state contends that the trial court correctly found good cause for the delay. We review for legal error. State v. Biscotti , 219 Or. App. 296, 299, 182 P.3d 269 (2008).
ORS 137.106(1)(a) provides, in part:
"When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and *400 present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. The court may extend the time by which the presentation must be made for good cause."
The plain text of the statute provides that the state is obligated to "present" restitution evidence to the court within 90 days of the entry of judgment. The court may extend the *224 time for that presentation on a showing of good cause.[1]
Below, defendant did not articulate any argument that the state had failed to "present to the court * * * evidence of the nature and amount of the damages" within 90 days after entry of the judgment. ORS 137.106(1)(a). Rather, he argued that that statutory text required the court itself to determine the amount of restitution and enter judgment within 90 days, unless the state showed good cause. He renews that argument on appeal.[2]
*401 We reject defendant's argument. ORS 137.106(1)(a) requires only that the state present certain evidence to the court within 90 days; it imposes no time limit for the court to act on that evidence. The court did not err in imposing restitution 331 days after the entry of the judgment of conviction.
Affirmed.

The timing requirement of the current statute diverges significantly from the timing required by the former version of the statute. Defendant relies on cases that examined good cause under a timing requirement in the former version of the statute, one that the legislature omitted from the present version. The former version, ORS 137.106 (2003), amended by Or. Laws 2005, ch. 564, § 2, and Or. Laws 2007, ch. 425, § 1, and Or. Laws 2007, ch. 482, § 1, and Or. Laws 2013, ch. 388, § 1, and Or. Laws 2015, ch. 9, § 2, provided:
"(1) When a person is convicted of a crime * * * that has resulted in pecuniary damages, the district attorney shall investigate and present to the court, prior to the time of sentencing , evidence of the nature and amount of such damages. If the court finds from the evidence presented that a victim suffered pecuniary damages, in addition to any other sanction it may impose, the court shall :
"(a) Include in the judgment a requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's pecuniary damages as determined by the court; or
"(b) Include in the judgment a requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's pecuniary damages as determined by the court. The court may extend the time within which the determination and supplemental judgment may be completed for good cause."
(Emphases added.)

To the extent that defendant implicitly argues on appeal that the prosecutor did not "present" the evidence required by ORS 137.106(1)(a) within 90 days, that argument is not preserved or presented on appeal sufficiently for our review, and, accordingly, we do not address it.