On appellant's petition for reconsideration filed July 17, reconsideration allowed, former opinion (297 Or App 398, 442 P3d 222) modified and adhered to as modified November 20, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEF GRANT TAYLOR,
*Defendant-Appellant.*

Crook County Circuit Court
15CR40469; A164113

455 P3d 609

In its original opinion, *State v. Taylor*, 297 Or App 398, 442 P3d 222 (2019), the Court of Appeals (1) rejected defendant's argument that ORS 137.106(1)(a) requires a trial court to determine the amount of restitution owed and enter a supplemental judgment of restitution within 90 days of the general judgment absent a finding of good cause for the delay, and (2) declined to address whether the district attorney's presentation of evidence regarding the nature and amount of damages was timely. Defendant petitions for reconsideration, contending that the decision conflicted with the court's previous decision in *State v. Aguilar-Ramos*, 284 Or App 749, 395 P3d 65 (2017), which held, under the same statute, that the prosecutor's presentation of evidence was not timely. On the merits, defendant argues that the trial court's imposition of restitution more than 90 days after entry of the general judgment violated ORS 137.106(1)(a) because the delay was not justified by good cause. *Held*: On reconsideration, the court adhered to its first conclusion but addressed the merits of the second issue in light of the reasoning in *Aguilar-Ramos*. As to the second issue, the trial court did not err in finding good cause for the district attorney's presentation of evidence more than 90 days after the entry of judgment.

Reconsideration allowed; former opinion modified and adhered to as modified.

Gary Lee Williams, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Ortega, Presiding Judge, and Powers, Judge, and Garrett, Judge pro tempore.

GARRETT, J. pro tempore.

Reconsideration allowed; former opinion modified and adhered to as modified.

## GARRETT, J. pro tempore

Defendant petitions for reconsideration of our decision in *State v. Taylor*, 297 Or App 398, 442 P3d 222 (2019). In that decision, we (1) rejected defendant's argument that ORS 137.106(1)(a) requires a trial court to determine the amount of restitution and enter a supplemental judgment of restitution within 90 days of the general judgment absent a finding of good cause for the delay, 297 Or App at 401, and (2) declined to address whether the district attorney's presentation of "evidence of the nature and amount of the damages," ORS 137.106(1)(a), was timely, 297 Or App at 400 n 2. Defendant contends that our decision conflicts with our previous decision in *State v. Aguilar-Ramos*, 284 Or App 749, 395 P3d 65 (2017), in which we held, under the same provision, that a prosecutor's presentation of evidence was not timely. On reconsideration, we adhere to our first conclusion but agree with defendant that, in light of our reasoning in *Aguilar-Ramos*, we should address the merits of the second issue. Thus, we allow reconsideration, modify our previous opinion, and adhere to it as modified.

We begin with ORS 137.106 and its history. Until 2013, ORS 137.106 included two distinct timing requirements for restitution: First, it required that, "[w]hen a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages." ORS 137.106(1) (2011). Second, if the court found from the evidence presented that a victim had suffered economic damages, ORS 137.106(1) required the general judgment to include one of several restitution provisions. One of the options was as follows:

> "A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. * * * The court may extend the time within which the determination and supplemental judgment may be completed for good cause."

ORS 137.106(1)(b) (2011).

As is clear from that text, those two requirements applied to different entities. The first applied to the district attorney, who had to "investigate and present to the court *** evidence of the nature and amount of the damages" early in the process—before sentencing. ORS 137.106(1) (2011). The second applied to the court itself, which had to determine the amount of restitution and enter the restitution judgment within 90 days of entry of the judgment of conviction. ORS 137.106(1)(b) (2011).

Under that statute, we reversed restitution judgments when courts failed to comply with the second requirement by failing to determine the amount of restitution within 90 days of entry of the judgment in the absence of good cause for the delay. *State v. Biscotti*, 219 Or App 296, 304, 182 P3d 269 (2008); *see also, e.g.*, *State v. Murrell*, 242 Or App 178, 184, 255 P3d 574 (2011). We noted that there was "nothing 'hortatory' about [the second requirement]. It plainly establishes a 90-day deadline for the issuance of a supplemental judgment ordering restitution." *Biscotti*, 219 Or App at 300-01.

In *State v. McLaughlin*, 243 Or App 214, 219, 258 P3d 1241, *disposition modified on recons*, 244 Or App 691, 260 P3d 814, *opinion withdrawn and original disposition adh'd to on recons*, 247 Or App 334, 269 P3d 104 (2011), *rev dismissed*, 354 Or 491 (2013), we addressed a challenge regarding the *first* timing requirement. There, the defendant was convicted of theft, and the state presented evidence at trial of the nature of the stolen item and its replacement cost. However, the item had been recovered, and the state's evidence at trial did not include the cost of repairing and reinstalling it, which was the amount requested as restitution. *Id.* at 220. We held that the state had failed to present "evidence of the *** amount of the damages" at the relevant time, that is, before sentencing. ORS 137.106(1) (2011); *McLaughlin*, 243 Or App at 221. Accordingly, we vacated the restitution judgment. *Id*.

In response to our decision in *McLaughlin*, the legislature amended ORS 137.106 to extend the time by which the district attorney had to present evidence of the nature and amount of the damages. Or Laws 2013, ch 388,

§ 1; Exhibit 2, House Committee on Judiciary, HB 3277, Apr 4, 2013 (statement of Department of Justice Legislative Director Aaron Knott). The amendment significantly modified the first timing requirement and entirely removed the second timing requirement from the statute. In light of those changes, ORS 137.106(1)(a) now provides, as relevant here:

> "When a person is convicted of a crime \*\*\* that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. The court may extend the time by which the presentation must be made for good cause."

Notably, the text of ORS 137.106 now does not require the court to determine the amount of restitution or enter a restitution judgment within any specific time. That is, the timing requirement that we interpreted in *Biscotti* and its progeny is no longer in the statute. *Compare* ORS 137.106 (providing no time limitation for the court to determine restitution or enter a judgment of restitution), *with* ORS 137.106(1)(b) (2011) ("[T]he specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. \*\*\* The court may extend the time within which the determination and supplemental judgment may be completed for good cause."), *and Biscotti*, 219 Or App at 300-01 (noting that the text of ORS 137.106 as it existed before the 2013 amendments "plainly establishes a 90-day deadline for the issuance of a supplemental judgment ordering restitution").

The current version of ORS 137.106 does still require the district attorney to "investigate and present to the court \*\*\* evidence of the nature and amount of the damages." ORS 137.106(1)(a). However, the district attorney now has longer to complete that task; rather than investigating and presenting the evidence "prior to the time of sentencing," ORS 137.106(1) (2011), the district attorney must investigate and present the evidence "at the time of sentencing or within 90 days after entry of the judgment."

ORS 137.106(1)(a). The time for the district attorney's "presentation" may be extended "for good cause." *Id.*

With that background in mind, we turn to the history of this case. After entering a plea of no contest to several charges, defendant was sentenced on February 24, 2016, and the judgment was entered on that date. Before the sentencing hearing, the state had filed a motion for restitution pursuant to ORS 137.106. At sentencing, defendant's attorney asked the court to set a separate restitution hearing because he needed "some time to digest it further." The restitution hearing was scheduled for May 26, 2016. On that day, however, the sentencing judge, citing "docket pressures"—specifically, a "higher priority" juvenile dependency case scheduled for the same day—rescheduled the restitution hearing for June 6.

On June 6, the sentencing judge was presiding over a trial, so defendant's restitution hearing was set before a different judge. After the court informed him of his right to have the matter heard by the original sentencing judge, defendant consented to proceeding and began making an opening statement. Shortly thereafter, the court interjected that the matter should be heard before the original sentencing judge, considering the complexity of the case and other factors. The hearing was rescheduled for July 14, 2016, before the sentencing judge.

At the July 14 hearing, defendant was expected to appear by video from prison. He was unavailable, however, because, unbeknownst to counsel for both parties and the court, defendant had been transferred to another correctional facility for a medical procedure. Noting the parties' representation that they had reached a "tentative agreement" on the amount of restitution, the court encouraged them to continue their negotiations and did not set a new hearing date.

The parties continued to negotiate through early October 2016. During that period, the negotiations were at times slowed due to communication difficulties between defendant, who remained incarcerated, and his attorney. On October 20, defendant informed the state that he disagreed with the state's proposed restitution calculations and that a

restitution hearing was necessary. The state contacted the court on October 24, 2016, to schedule a hearing for the next available date, which was January 12, 2017.

At the January 12 hearing, defendant again moved to dismiss the state's request for restitution, but the court found good cause for the delay and denied the motion. The January 12 hearing took place 323 days after the entry of the judgment. The court entered a supplemental judgment ordering defendant to pay restitution on January 20, 2017— 331 days after the entry of judgment.

On appeal, defendant assigned error to the court's finding of "'good cause' for permitting the state to obtain restitution 323 days after entry of the judgment." Although he cited the current version of ORS 137.106 and acknowledged that the statute "provides the state with 90 days from the entry of judgment to present the trial court with evidence of the nature and amount of damages," defendant argued that the current version of ORS 137.106 "contains the same deadline" that we interpreted in *Biscotti* and its progeny. He asserted that the 2011 version of ORS 137.106(1) "does not differ [from the current version of ORS 137.106(1)] in significant respect with regards to the 90-day and good cause provisions at issue in this case."

We disagreed with that proposition, holding that "ORS 137.106(1)(a) requires only that the state present certain evidence to the court within 90 days; it imposes no time limit for the court to act on that evidence." *Taylor*, 297 Or App at 401. Because defendant had not sufficiently articulated any argument based on the current text of ORS 137.106— that is, he had not addressed the fact that the legislature has removed the provision we interpreted in *Biscotti* and had not explained the operation of the remaining text of the statute—we declined to address any other argument. *Id.* at 400 n 2. Thus, we affirmed the supplemental judgment of restitution. *Id.* at 401.

In his petition for reconsideration, defendant first reiterates his argument that the statutory changes are immaterial to this case; in his view, despite the absence from the text of any requirement for the court to act within a particular time period, "the prosecutor's duty to present

evidence of damages, and the trial court's duty to hold a hearing and impose a supplemental restitution judgment, are coextensive." For the same reason stated in our original opinion, we disagree. As explained above, the text of ORS 137.106 now does not require the court to determine the amount of restitution or enter a restitution judgment within any specific time; the timing requirement that we applied in *Biscotti* no longer exists.

Defendant's second argument on reconsideration is that our rejection of his claims on appeal conflicts with our holding in *Aguilar-Ramos.* In that case, we applied the current version of ORS 137.106. *See Aguilar-Ramos*, 284 Or App at 750 (the defendant was sentenced in November 2013); Or Laws 2013, ch 388, §§ 2, 3 (the amended version of ORS 137.106 applies to sentencing hearings occurring on or after June 13, 2013). There, the state had presented evidence at a restitution hearing 203 days after the entry of the general judgment. *Aguilar-Ramos*, 284 Or App at 751. We held that the cause of the delay—prosecutorial inaction and inattention—did not constitute good cause, and we reversed the supplemental judgment of restitution. *Id.* at 753.

The defendant's briefing in *Aguilar-Ramos* was very similar to defendant's briefing in this case. Moreover, like defendant in this case, the defendant in *Aguilar-Ramos* asserted that the change in the statutory text—the removal of the second timing requirement—was immaterial. In *Aguilar-Ramos*, we did not expressly address that assumption; we did not explain the operation of the new statutory text. However, as explained above, we concluded that, in the absence of good cause for the delay beyond 90 days, we were required to reverse the restitution judgment.

Because of the procedural similarity between this case and *Aguilar-Ramos*, the similarity of the defendants' briefing in the two cases, and the potential for confusion resulting from the two opinions, we conclude that we should address the merits of the issue that we declined to address in our initial opinion. Thus, we allow reconsideration and modify our previous opinion. We write to explain the operation of the new statutory text, which, as noted above, we applied but did not explain in *Aguilar-Ramos*. After

defendant petitioned for reconsideration, we requested, and the parties provided, additional briefing on that issue.

Thus, we proceed to consider the operation of the timing requirement in the current version of ORS 137.106(1). At the outset, we note that it is not clear to us that the restitution hearing is the only point at which the district attorney could "present" "evidence of the nature and amount of the damages." ORS 137.106(1)(a). However, in *Aguilar-Ramos*, in the absence of any argument to the contrary, we implicitly held that the restitution hearing was the "presentation" that the statute refers to. Here, in the absence of any argument about the meaning of "present" in ORS 137.106 (1)(a) or its proper application to the facts of this case, we adhere to that holding. Thus, in this case, as the parties assume, the district attorney did not present evidence of the nature and amount of the damages until the restitution hearing was held, 323 days after entry of the judgment of conviction.

We have previously held that, when the state has failed to "present" sufficient evidence before the statutory deadline, absent good cause, the trial court errs in ordering the defendant to pay restitution. *McLaughlin*, 243 Or App at 221; *see also Aguilar-Ramos*, 284 Or App at 753. The hearing in this case occurred long after the presumptive deadline of 90 days following entry of judgment. Thus, the question whether the trial court erred turns on whether the court correctly "extend[ed] the time by which the presentation must be made for good cause." ORS 137.106(1)(a).

It bears emphasis that, given the new statutory text, the relevant question for our "good cause" analysis is what constitutes good cause for a delay of the *district attorney's presentation of evidence* of the nature and amount of the damages. ORS 137.106(1)(a). That may be different from what constitutes good cause for a delay of the *trial court's* determination of restitution and entry of a supplemental judgment.[1] ORS 137.106(1)(b) (2011); *see also Biscotti*, 219 Or

---

[1] We note that, if the restitution hearing is not the only point at which the district attorney may "present" evidence, that may also affect what it means for there to be good cause to extend the time by which the presentation may be made. We do not consider that possibility here.

App at 299-300 (explaining that, when the facts are undisputed, we review a "good cause" determination for legal error and that discerning the meaning of the "good cause" provision in the previous version of ORS 137.106(1)(b) is an exercise in statutory construction). Accordingly, although our earlier cases addressing good cause under ORS 137.106 (1)(b) may provide helpful guidance, they do not bind us in this different context.

Defendant argues that there was no good cause for the delay in this case because the record is insufficient regarding the various reasons for rescheduling, including the "docket pressures" and the "higher priority" case. Relying on statutory speedy trial cases, defendant also contends that we should consider the delay resulting from his medical procedure as a delay caused by the state, because the Department of Corrections was involved in his unexpected transfer. And, again relying on statutory speedy trial cases, he contends that, overall, the delay in this case is too long for it to be justified by good cause.

Defendant's reliance on cases regarding statutory speedy trial rights is misplaced. The statutory speedy trial statute required the "court" to order dismissal if the defendant was "not brought to trial within a reasonable period of time." *Former* ORS 135.747, *repealed by* Or Laws 2013, ch 431, § 1. Given that ORS 137.106 requires only "the district attorney" to act within a certain time period, we do not perceive, and defendant has not explained, why the same principles would apply in this very different context.

We have held that, as used in the earlier version of the statute, ORS 137.106(1)(b) (2011), "good cause" does not "include prosecutorial inadvertence or neglect." *State v. Martinez*, 246 Or App 383, 387, 265 P3d 92, *rev den*, 351 Or 507 (2011) (internal quotation marks omitted). Thus, inattentiveness to the passage of time on the part of the prosecutor does not constitute good cause. *Id.*; *see also Murrell*, 242 Or App at 184 (delay resulting from "inadvertent mislaying of the file" does not amount to good cause); *Biscotti*, 219 Or App at 304 (delay resulting from "miscommunication" after prosecutor left office, causing case to "[fall] through the cracks," did not constitute good cause).

That principle applies equally under the new version of the statute, ORS 137.106(1)(a). Because the timing requirement that formerly applied to the trial court has been removed, the focus of the good cause inquiry under the current version of the statute is on what has caused the district attorney's delay in presenting evidence. If the district attorney has neglected the case or delayed the presentation of evidence without good reason, there may be no good cause for the delay. *See Aguilar-Ramos*, 284 Or App at 753 (no good cause when the "actions, or inactions, of the prosecutor were the catalyst that led to the delay").

Under ORS 137.106(1)(b) (2011), we have also held that "not every error or unfortunate circumstance that causes delay *** must result in a finding of no 'good cause' for delay." *State v. Condon*, 246 Or App 403, 408, 264 P3d 1288 (2011), *rev den*, 351 Or 649 (2012) (citing *State v. Unis*, 246 Or App 397, 402, 264 P3d 1286 (2011), *rev den*, 351 Or 678 (2012) (good cause existed where much of the delay was the result of the victim's mother gathering "supporting documentation" regarding restitution). That principle is grounded in the "legislature's apparent intent to provide crime victims with a timely remedy." *Unis*, 246 Or App at 402.[2]

That second principle applies with even more force in light of the new statutory text. As noted above, in the past, the question was whether there was a good reason for delay in the court's actions. Under the current version of ORS 137.106, however, the question is whether there was a good reason for the district attorney's delay in presenting the evidence. That inquiry will focus on the district attorney's actions, or inaction, rather than other causes of delay.

Here, the trial court did not err in finding good cause for the delayed presentation of evidence. We see no indication of neglect or dilatory conduct on the part of the

---

[2] In *Unis*, 246 Or App at 402, we found good cause for a delay where, among other circumstances, the prosecutor requested, and the defendant did not oppose, a continuance "while the parties attempted to reach an agreement as to the restitution amount." *Id*. We explained that "the restitution issue was being actively litigated by both parties" and the "vast majority of the delay *** was either requested by or consented to by defendant." *Id*.

prosecution at any point in the 323-day period. The prosecutor submitted information in support of the restitution request before the February 2016 sentencing hearing; it was defendant who initially asked for additional time. The May 26 and June 6 postponements were attributable to the trial court's scheduling complications, and the July 14 postponement was caused by defendant's transfer to another DOC facility without apparent notice to the court, defendant's counsel, or the prosecutor. The court deferred another hearing after July 14 based on the parties' representation that they had a "tentative agreement" and were negotiating toward a final resolution. When negotiations finally failed in October and defendant informed the prosecution that he wanted a hearing, the prosecution acted on that request within four days, and the hearing occurred on the next available court date. Given the focus of ORS 137.106(1)(a) on the district attorney's actions, the district attorney's apparent diligence here answers defendant's argument. Although the ultimate delay of 331 days from the entry of judgment until the entry of the supplemental judgment was unusually long, the trial court did not err in finding good cause for the district attorney's presentation of evidence to take place more than 90 days after the entry of judgment.

Reconsideration allowed; former opinion modified and adhered to as modified.