Argued and submitted June 25; motion to strike denied, affirmed
November 25, 2020; petition for review denied April 8, 2021 (367 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DEVANTE XAVIER MOORE,
aka Devante Moore, aka Devante X. Moore,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR12381; A168802

478 P3d 587

Defendant appeals from a supplemental judgment that imposed $1,693.40 in restitution, arguing that the trial court erred in finding "good cause" to impose restitution beyond the 90-day deadline required by ORS 137.106. The district attorney's office contacted the sentencing court's chambers three times to schedule a hearing before the 90-day deadline; however, the court did not hold a restitution hearing until 123 days after the judgment of conviction was entered. The trial court found "good cause" for the delay and imposed restitution. On appeal, defendant argues that there was not "good cause" for the delayed restitution hearing because the delay was attributable to the inattentiveness of the state and trial court. Defendant also moves to strike the state's harmless error argument raised in a memorandum of additional authorities. *Held*: The trial court did not err in finding good cause to extend the deadline for the prosecutor to make a presentation on restitution. The trial court's inattentiveness in scheduling a hearing is not attributable to the prosecutor. Further, given that the resolution of defendant's arguments on the merits obviates the need to address any harmless error argument raised in the memorandum of additional authorities, the motion to strike is denied as moot.

Motion to strike denied; affirmed.

Christopher A. Ramras, Judge.

John P. Evans, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Motion to strike denied; affirmed.

**POWERS, J.**

In this criminal appeal, defendant appeals from a supplemental judgment that imposed $1,693.40 in restitution, arguing that the trial court erred in finding "good cause" to impose restitution beyond the 90-day deadline required by statute. Specifically, defendant contends that the state "failed to establish 'good cause' for the delayed restitution hearing because the delay was attributable to the negligence or inattentiveness of the state and trial court." The state responds that a recent amendment to ORS 137.106 and our recent "good cause" decisions compel the conclusion that a good-cause finding focuses on the actions of the prosecutor, rather than the actions of the trial court. The state further argues that the trial court's inattentiveness constituted good cause to schedule a restitution hearing beyond the 90-day deadline. For the reasons explained below, we affirm.[1]

We review a trial court's legal conclusions regarding restitution for legal error. *State v. Benz*, 289 Or App 366, 368, 409 P3d 66 (2017). In so doing, we are bound by the trial court's findings if they are supported by any evidence in the record. *State v. Lobue*, 304 Or App 13, 16, 466 P3d 83 (2020).

The facts are procedural and largely undisputed. Defendant pleaded guilty to two counts of second-degree criminal mischief and stipulated to liability for restitution. The plea agreement noted that the specific amount of restitution would be determined within 90 days. At the plea hearing, the prosecutor gave a "ballpark" estimate that restitution would be $1,693, but that the district attorney's office was working on providing the exact amount to defense

---

[1] Defendant also moves to strike the state's memorandum of additional authorities, which raises a harmless error argument for the first time on appeal. *See, e.g.*, *State v. Gatto*, 304 Or App 210, 215 n 3, 466 P3d 981 (2020) (refusing to consider an argument not raised in the appellate briefing despite having been preserved at trial). Although we have an independent obligation to address harmless error, *State v. Sperou*, 365 Or 121, 140, 442 P3d 581 (2019) (noting reviewing court's independent obligation under Article VII (Amended), section 3, of the Oregon Constitution to determine whether the trial court error was harmless), our resolution of defendant's arguments on the merits obviates the need for us to address any harmless error argument. Accordingly, we deny defendant's motion to strike as moot.

counsel. The judgment of conviction was entered on April 9, 2018.

After two months had elapsed, the district attorney's office contacted the court to request a restitution hearing. More specifically, the state requested a hearing by sending the sentencing court's chambers an email 74 days and 80 days after entry of the judgment, and by leaving a voicemail 86 days after the judgment.[2] Ultimately, the court held a restitution hearing on August 9, 2018, which was 123 days after the judgment of conviction was entered.

At the hearing, defendant objected to the imposition of any restitution because the hearing occurred beyond the 90-day deadline as required by ORS 137.106(1)(a). That statute provides, in part:

> "When a person is convicted of a crime, * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgement, evidence of the nature and amount of the damages. The court may extend the time by which the presentation must be made for good cause."

The trial court found good cause to extend the deadline beyond the 90-day deadline, explaining that,

> "if there is negligence to be found, frankly, it's on behalf of the court. And when I say the court, I mean myself and my chambers for not responding to these various emails and voicemail messages. I don't think that that really can be attributable to the state."

On appeal, defendant argues that the state failed to establish good cause for the delayed restitution hearing because the delay was attributable to the negligence or inattentiveness of the state and trial court. Defendant cites *State v. Aguilar-Ramos*, 284 Or App 749, 752, 395 P3d 35 (2017), for the proposition that "'inattentiveness to the passage of time on the part of the trial court and prosecutor do not constitute good cause.'" (Quoting *State v. Martinez*, 246 Or App 383, 387, 265 P3d 92, *rev den*, 351 Or 507 (2011), and *State*

---

[2] There is no explanation in the record as to why the state did not first request a hearing until 74 days after the judgment of conviction.

*v. Arwood*, 46 Or App 653, 657, 612 P2d 763 (1980) (brackets from *Martinez* omitted)). Therefore, we understand defendant to present two arguments: that the trial court's negligence is attributable to the state and, alternatively, that the trial court's negligence is not good cause to delay a restitution hearing. Neither argument, however, provides a basis for reversal.

In 2013, the legislature amended ORS 137.106. Or Laws 2013, ch 388, § 1. Before the amendment, the statute "included two distinct timing requirements for restitution[.]" *State v. Taylor*, 300 Or App 626, 627, 455 P3d 609 (2019), *rev den*, 366 Or 493 (2020). The first requirement focused on the district attorney's obligation to investigate and present the nature of the economic damages before sentencing. *Id.* The second requirement focused on the court's obligation to determine the amount of restitution and enter a supplemental judgment within 90 days of the original judgment. *Id.* at 628.

As we recently explained in *Taylor*, the 2013 amendment "significantly modified the first timing requirement and entirely removed the second timing requirement from the statute." *Id.* at 629; *see also id.* at 628 (noting that the purpose of the amendment was "to extend the time by which the district attorney had to present evidence of the nature and amount of damages"). Now, ORS 137.106 "does not require the court to determine the amount of restitution or enter a restitution judgment within any specific time." *Id.* Rather, the time requirement in ORS 137.106 now focuses on the district attorney's obligation to investigate and present evidence of restitution "'at the time of sentencing or within 90 days after entry of the judgment.'" *Id.* at 629-30 (quoting ORS 137.106(1)(a)). Importantly, ORS 137.106(1)(a) allows the time for the prosecutor's presentation of restitution information to be extended for "good cause."[3]

---

[3] We understand defendant's arguments to be premised on the idea that the state must make its presentation at a restitution hearing, not through another avenue. We express no opinion on whether the state may offer its restitution presentation without a hearing. *See Taylor*, 300 Or App at 633 n 1 (noting that, "if the restitution hearing is not the only point at which the district attorney may 'present' evidence, that may also affect what it means for there for be good cause to extend the time by which the presentation may be made" and that we did "not consider that possibility").

We further noted that, under the current version of ORS 137.106(1)(a), the correct inquiry in evaluating good cause is "whether there was a good reason for the district attorney's delay in presenting the evidence. That inquiry will focus on the district attorney's actions, or inaction, rather than other causes of delay." *Id.* at 635. Therefore, "[b]ecause the timing requirement that formerly applied to the trial court has been removed, the focus of the good cause inquiry under the current version of the statute is on what caused the district attorney's delay in presenting evidence." *Id.* Thus, to the extent that defendant's arguments rely on the trial court's action (or inaction) to be attributable to the prosecutor in failing to fulfill its duty under ORS 137.106(1)(a), we reject the underlying premise of the argument because the legislature removed the focus on the trial court's actions.

Resolving that issue, however, does not resolve the entire case. We must still address whether the trial court erred in concluding that there was good cause under ORS 137.106(1)(a) for the restitution hearing beyond the 90-day deadline.

Although defendant is correct that "good cause" does not include prosecutorial inadvertence, neglect, or inattentiveness, *Taylor*, 300 Or App at 634-35, there may be good cause where circumstances out of the prosecutor's control prevent a hearing from taking place. *See, e.g.*, *State v. Condon*, 246 Or App 403, 407-08, 264 P3d 1288 (2011), *rev den*, 351 Or 649 (2012) (concluding that there was good cause for the delay where much of the delay resulted from the victim's mother gathering "supporting documentation" concerning restitution); *Martinez*, 246 Or App at 388 (concluding that good cause existed where the delay "was because the prosecutor was awaiting information from the victim's compensation program" and "the need to secure new counsel for defendant and to arrange for his presence at the hearing"); *State v. Landreth*, 246 Or App 376, 382, 265 P3d 89 (2011) (concluding that good cause existed where the victim was sick and unable to cooperate with the restitution investigation); *see Taylor*, 300 Or App at 634 (explaining that, although not binding, earlier cases addressing good cause under ORS 137.106(1)(b) (2011) "may provide helpful

guidance"). Indeed, as we explained in *Taylor*, "in the past, the question was whether there was a good reason for delay in the trial court's actions. Under the current version of ORS 137.106, however, the question is whether there was a good reason for the district attorney's delay in presenting the evidence." 300 Or App at 635. Here, we have little difficulty concluding that, despite being asked three times to schedule a restitution hearing, the trial court's act of scheduling the hearing outside of the 90-day deadline was one of those circumstances outside of the prosecutor's control and, therefore, there was good cause to extend the time by which the presentation could be made.

Accordingly, because the trial court's inattentiveness in scheduling a hearing is not attributable to the prosecutor and because the trial court's failure to schedule a hearing within in the 90-day deadline constitutes good cause, the trial court did not err in finding good cause to extend the deadline for the prosecutor to make a presentation on restitution.

Motion to strike denied; affirmed.