Argued and submitted September 2; supplemental judgment ordering restitution vacated, otherwise affirmed December 1, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES BRIAN HALFMOON, JR.,
aka J.B. Halfmoon,
aka James Halfmoon,
aka JB Halfmoon,
aka James Brian Halfmoonr, Jr.,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR27382; A172699

501 P3d 1126

Defendant appeals a supplemental judgment imposing restitution. Defendant assigns error to the trial court's finding of "good cause" to extend the 90-day timeline to present the nature and amount of damages for restitution established by ORS 137.106(1)(a). The state contends that there was "good cause" to extend the timeline because the victim was the source of the delay, not the prosecutor. The state argues in the alternative that any error was harmless because the trial court would have imposed restitution directly pursuant to its authority under Article I, section 42, of the Oregon Constitution. *Held*: The trial court erred in finding "good cause" to extend the 90-day timeline because there was no reason provided of why the victim could not obtain the necessary information sooner. That error was not harmless because the Court of Appeals could not say for certain that the trial court would have imposed restitution pursuant to Article I, section 42, after denying restitution under ORS 137.106.

Supplemental judgment ordering restitution vacated; otherwise affirmed.

Daniel J. Hill, Judge.

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher Page, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Weston Koyama, Assistant Attorney General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Supplemental judgment ordering restitution vacated; otherwise affirmed.

**KAMINS, J.**

Defendant, who pleaded guilty to unauthorized use of a vehicle and fleeing or attempting to elude a police officer, appeals a supplemental judgment imposing $4,080 in restitution for damage to the victim's car. Defendant assigns error to the trial court's finding of "good cause" to impose restitution beyond the 90-day timeline established by ORS 137.106(1)(a). We agree with defendant, vacate the order of restitution, and otherwise affirm.

The relevant facts are undisputed and relate entirely to the timeline for seeking restitution. The state sent information about how to seek restitution to the victim on April 30, 2019, and the judgment of conviction was entered on June 4, 2019. The victim did not submit her request for restitution and supporting documentation until August 30, 2019, 87 days after the judgment of conviction. The district attorney then filed a motion for amended judgment to add restitution a week later, on September 6, 2019, 94 days after the judgment of conviction. Defendant objected to the motion as untimely under ORS 137.106(1)(a), but the trial court nevertheless awarded restitution, finding good cause to extend the deadline. The order stated,

> "The court finds that the victim's constitutional right to restitution as balanced against the defendant's right to constitutional due process and the 90 day filing rule under ORS 137.106, and the victim's[1] stated reasons for delay, weighs in favor of good cause for the brief delay in filing; the delay not being the state's as the state promptly filed upon receiving information from the victim, the delay being on the victim; but the delay not causing the defendant any prejudice in hearing. Moreover, the 90 day rule is statutory and as applied against the victim's constitutional right of restitution must be assessed as infringing then upon the victim's constitutional right."

On appeal, defendant argues that the trial court erred in finding "good cause" to extend the deadline, because the victim did not provide a reason why she was unable to obtain

---

[1] Although the court referred to the "victim's stated reasons," the record does not include any reasons stated by the victim to support the good cause determination.

the necessary information until 87 days after the judgment of conviction.

"We review a trial court's determination of 'good cause' for errors of law." *State v. Aguilar-Ramos*, 284 Or App 749, 752, 395 P3d 65 (2017) (citation omitted). ORS 137.106 (1)(a) provides,

> "[w]hen a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. The court may extend the time by which the presentation must be made for good cause."

The state contends that there was "good cause" to extend the timeline, because the victim was the source of the delay, not the prosecutor. In the alternative, the state argues that any error was harmless, because the trial court would have imposed restitution directly pursuant to its authority under Article I, section 42, of the Oregon Constitution.

"Good cause" appears several times in the Oregon Revised Statutes, but does not have a "precise, all-encompassing definition." *State v. Storkus*, 308 Or App 257, 264, 479 P3d 320 (2020) (citations omitted) (discussing the term in the context of a defendant's statutory right to a speedy trial). In the context of ORS 137.106, "the question is whether there was a good reason for the district attorney's delay in presenting the evidence." *State v. Taylor*, 300 Or App 626, 635, 455 P3d 609 (2019), *rev den*, 366 Or 493 (2020) (citation omitted); *see Black's Law Dictionary* 251 (9th ed 2009) ("'[G]ood cause' is a 'legally sufficient reason. Good cause is often the burden placed on a litigant *** to show why a request should be granted or an action excused.'"). Accordingly, the burden was on the state to provide at least *some* reason why it could not have presented the evidence earlier. Here, there was no explanation of why the victim could not have obtained an estimate until nearly three months after the judgment was entered. Without such an explanation of why the victim could not have obtained the evidence, and therefore why the prosecutor could not have

presented it sooner, the trial court erred in finding good cause to extend the 90-day statutory timeline.

The state, however, cites several cases for the proposition that good cause exists to extend the deadline where, as here, the victim—rather than the prosecutor—was the primary source of the delay. However, in each of those cases, information was set forth in the record that factors outside of the victims' own control prevented them from timely gathering the requisite information. *State v. Landreth*, 246 Or App 376, 378-79, 265 P3d 89 (2011) (victim had been recently diagnosed with Parkinson's disease and spent much of the 90-day period in the hospital or receiving treatment); *State v. Martinez*, 246 Or App 383, 387, 265 P3d 92, *rev den*, 351 Or 507 (2011) (victim's claim to the crime victim compensation fund was still pending); *State v. Condon*, 246 Or App 403, 407-08, 264 P3d 1288 (2011), *rev den*, 351 Or 649 (2012) (mother of severely wounded victim had difficulty tracking down a large number of medical bills from various service providers). We have never held that there is automatically good cause to extend the timeline so long as the delay came from the victim, not the state, and we decline to do so here.

The state's second argument, that any error was harmless, is likewise unavailing. Harmless error exists when "it is clear that, on remand, the trial court lawfully could, and would, impose the same" sentence. *State v. Jenniches*, 187 Or App 658, 663, 69 P3d 771, *rev den*, 335 Or 578 (2003). Relying on the fact that the trial court considered the victim's right to restitution as part of its "good cause" analysis, the state contends that the trial court would have imposed restitution beyond the statutory deadline in order to enforce the victim's constitutional right to restitution. *See e.g.*, *State v. Thompson*, 257 Or App 336, 345, 306 P3d 731, *rev den*, 354 Or 390 (2013) (affirming award of restitution outside of sentencing to remedy constitutional violation). However, the process to award restitution under the Oregon Constitution is separate and distinct from awarding restitution as part of sentencing in a criminal case under ORS 137.106.

Article I, section 42, of the Oregon Constitution, also known as the Crime Victims' Bill of Rights, grants protections to victims of crime, including "the right to receive

prompt restitution from the convicted criminal who caused the victim's loss or injury." Or Const, Art I, § 42(1)(d). The legislature prescribed a mechanism to enforce those rights in ORS 147.500 to 147.550. That mechanism requires victims to "inform the court within 30 days of the date the victim knew or reasonably should have known" that one or more of their rights were violated. ORS 147.515(1). Appeals from those proceedings are taken directly to the Oregon Supreme Court, not the Court of Appeals. ORS 147.535(2). Restitution guaranteed by the Oregon Constitution is not coextensive with the restitution granted by ORS 137.106. *State v. Algeo*, 354 Or 236, 252, 311 P3d 865 (2013) (holding that "Art I, § 42(1)(d) does not grant petitioner a right to 'restitution' in the 'full amount' of her economic damages as that term is defined in ORS 137.106."); *cf. State v. Gallegos*, 302 Or App 145, 150-51, 460 P3d 529, *rev dismissed*, 366 Or 382 (2020) (recognizing that the statutory and constitutional rights to restitution are effectuated via different procedures, but declining to find plain error where the trial court failed to follow the procedures of ORS 147.500 to 147.550).

Because the victim's constitutional right to restitution is a separate issue from the statutory "good cause" analysis, the trial court erred in considering them together. As a result, we cannot say for certain that the trial court would have imposed restitution pursuant to the process under Article I, section 42, after denying restitution under ORS 137.106. The trial court's error was not harmless. We note that the victim maintains the ability to allege that her constitutional right to restitution has been denied and invoke that process.

Supplemental judgment ordering restitution vacated; otherwise affirmed.