426 August 14, 2024 No. 576

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM CHRISTOPHER EARLEYWINE,
aka Adam C. Earlywine,
aka Adam Christopher Earlywine,
*Defendant-Appellant.*

Umatilla County Circuit Court
20CR49323; A178856

Daniel J. Hill, Judge.

Submitted January 22, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a supplemental judgment that imposed $460.56 in restitution. In a single assignment of error, defendant argues that the trial court erred in finding "good cause" to impose restitution beyond the 90-day deadline provided by ORS 137.106(1)(a) (2021), *amended by* Or Laws 2022, ch 57, § 1.[1] For the following reasons, we affirm.

"We review a trial court's legal conclusions regarding restitution for legal error. In so doing, we are bound by the trial court's findings if they are supported by any evidence in the record." *State v. Moore*, 307 Or App 649, 651, 478 P3d 587 (2020), *rev den*, 367 Or 827 (2021) (citation omitted).

Defendant pleaded guilty to second-degree criminal mischief on October 5, 2021, and the judgment of conviction was entered on October 8, 2021. The judgment of conviction provided that the "[p]arties * * * stipulate to liability for restitution but not amount." The court set the restitution hearing for November 5, 2021. Although the state and the victim appeared at that hearing, the court ultimately reset the hearing because a problem at the correctional institution prevented defendant from appearing.

At the subsequent hearing on January 20, 2022—more than 90 days after the judgment of conviction was entered—the state indicated that the victim requested more than $11,000 in restitution. However, the state asked the court to continue the hearing or, alternatively, for leave to refile for restitution because neither of its witnesses appeared. The state explained:

> "[W]e did have a subpoena on [the second witness], while I don't have the subpoena for [the victim] in front of me, it appears to me as best I can tell that she was—we did attempt to subpoena her for this matter, we would ask that this be continued and set over to give the state another opportunity to attempt to subpoena and bring the witnesses in so the victim can explain why they're entitled to restitution."

---

[1] All statutory citations in this nonprecedential memorandum opinion are to the 2021 version of the statute.

The state also represented that it intended to present documentary evidence in addition to the witness testimony. After noting that the first continuance resulted from "a problem at [the correctional institution]," the court found "good cause under the circumstances COVID and such" and granted the continuance. At the following hearing on April 20, 2022, the court ordered defendant to pay $460.56 in restitution.[2]

On appeal, defendant argues that the trial court erred in finding good cause to impose restitution after the January 20, 2022, hearing because the state merely "point[ed] to the victim as the source of the delay, without more." We disagree.

Under ORS 137.106(1)(a), when a defendant is convicted of a crime that resulted in economic damages, the district attorney must "present to the court *** evidence of the nature and amount of the damages" within 90 days of the entry of judgment. "The court may extend the time by which the presentation must be made for good cause." *Id.* We have explained that "the focus of the good cause inquiry *** is on what has caused the district attorney's delay in presenting evidence." *State v. Taylor*, 300 Or App 626, 635, 455 P3d 609 (2019), *rev den*, 366 Or 493 (2020). The state bears the burden to "provide at least *some* reason why it could not have presented the evidence earlier." *State v. Halfmoon*, 316 Or App 69, 72, 501 P3d 1126 (2021) (emphasis in original). There is not "automatically good cause to extend the timeline so long as the delay came from the victim, not the state." *Id.* at 73. As a consequence, "[i]f the district attorney has neglected the case or delayed the presentation of evidence without good reason, there may be no good cause for the delay." *Taylor*, 300 Or App at 635. However, "[n]ot every error or unfortunate circumstance that causes delay *** must result in a finding of no good cause for delay." *State v. Aguilar-Ramos*, 284 Or App 749, 752, 395 P3d 65 (2017) (internal quotation marks omitted).

We conclude that the trial court did not err. Here, the state and the victim appeared at the first hearing—which occurred within 90 days of the judgment of conviction—but

---

[2] The record indicates that the court held a hearing on April 14, 2022, but it is unclear as to why that hearing was reset for April 20, 2022.

the court continued the hearing because of a problem at the correctional institution. When the victim and the second witness did not appear at the subsequent hearing on January 20, 2022, the state represented that it had subpoenaed the second witness and at least attempted to subpoena the victim and it requested the continuance so that it could subpoena the witnesses again. Because the state had secured the victim's appearance at the first hearing and explained that it had served one subpoena and attempted to serve the other before the second hearing, "[w]e see no indication of neglect or dilatory conduct on the part of the prosecution." *Taylor*, 300 Or App at 635-36. Therefore, the trial court did not err when it determined that good cause existed to continue the hearing after January 20, 2022. *Cf. Aguilar-Ramos*, 284 Or App at 753 (concluding that good cause did not exist when "the actions, or inactions, of the prosecutor were the catalyst that led to the delay in holding the restitution hearing").

Affirmed.